**E. Bruce HATCHER, Petitioner,**

v.

**The UNITED STATES, et al., Respondents.**

**Civ. No. 3:MI–89–313.**

United States District Court, M.D. Pennsylvania.

Jan. 16, 1990.

As Corrected June 28, 1990.

E. Bruce Hatcher, petitioner, pro se.

Wayne Samuelson, Frederick E. Martin, Asst. U.S. Atty., U.S. Post Office, Lewisburg, Pa., Lorna N. Graham, Asst. U.S. Atty., Scranton, Pa., and Harry J. Giacometti, Tax Div., U.S. Dept. of Justice, Washington, D.C., for the U.S., et al.

## OPINION

MUIR, District Judge.

On November 28, 1989, Petitioner E. Bruce Hatcher filed a motion to quash a summons issued by Joel Ozburn, IRS Special Agent, directed to the First National Bank of Berwick with a place and time for appearance set for Wilkes–Barre at 9:00 A.M. on December 19, 1989. In an order dated December 15, 1989, this Court stayed execution of the summons pending further order because the Respondent United States failed to comply with our order dated November 30, 1989, which expedited briefing in this matter. The United States filed an answer and a brief in opposition to Hatcher's brief on December 22, 1989. Hatcher filed a reply to the answer and a reply brief on January 3, 1990.

Hatcher states that this is a case of first impression. Hatcher contends that IRS Special Agent Ozburn has no delegated authority to issue or approve summons-

es pursuant to the authority cited in 26 U.S.C. § 7609 et seq., entitled *Special Procedures for Third Party Summonses*, and corresponding regulations. Hatcher's argument goes back to 1950 and traces the development of the delegation of authority in the Treasury Department and the Internal Revenue Service. Reorganization Plan No. 26 of 1950 divested the Commissioner of Internal Revenue (Commissioner) of all authority to enforce the 1939 Internal Revenue Code (Code) and revested this authority in the Secretary of the Treasury (Secretary). *See* 15 Federal Register 4935. After the enactment of Reorganization Plan No. 26, the law required the Secretary to delegate enforcement authority to the Commissioner to enable the Commissioner to enforce any laws relating to the Code. *See* Internal Revenue Manual 1100 at § 11(16)1.1. The method which the Secretary uses most often to delegate authority to department heads is the issuance of a Treasury Department Order (Treasury Order). Treasury Orders must be published in the *Federal Register* pursuant to 44 U.S.C. § 1501, et seq. After the Secretary delegates authority to the Commissioner, the Commissioner has authority to redelegate to his subordinates by issuing a Commissioner's Delegation Order (Commissioner's Order). Commissioner's Orders become part of Internal Revenue Manual 1229, Handbook of Delegation Orders (IR Manual 1229).

Hatcher claims that the Commissioner's Orders published in IR Manual 1229 are only prima facie evidence that an Internal Revenue Officer (IRS Officer) or employee has been delegated authority to perform any function for the Secretary pursuant to the Code. Hatcher contends that all orders which affect the rights or property of natural born inhabitants of one of the states of the United States must be published in accordance with the proper authority. Furthermore, no citizen can be adversely affected or bound by an unpublished order and may safely ignore such order with impunity.

Hatcher offers as an example the administrative summons at issue in this case as set forth in Commissioner's Order No. 4 (Rev. 19), effective January 26, 1989. Hatcher argues that this Order is only prima facie evidence that an IRS Officer has delegated authority to issue a summons because this Order derives its authority from Treasury Order No. 150–10 which was never published in the *Federal Register*. Hatcher notes that Treasury Order No. 150–10 was *filed* with the *Federal Register* on July 10, 1986, but was not *published* as required by 44 U.S.C. § 1505, et seq. Hatcher found the citation to the unpublished Treasury Order in the Commerce Clearing House Standard Federal Reporters, 1986 edition.

Hatcher has analyzed the history of revisions to Commissioner's Order No. 4 in order to show that there is no published delegation of authority for this Order. Hatcher does not state whether Commissioner's Order No. 4 (Rev. 18) was published in the *Federal Register*. He does note that Commissioner's Order No. 4 (Rev. 17) was published in the *Federal Register* but applied only to the authority to issue summons under international laws. According to Hatcher, Commissioner's Order No. 4 (Rev. 16) was not published in the *Federal Register*. Commissioner's Order No. 4 (Revisions 9 through 15) vested summons authority in the hands of the Commissioner pursuant to the authority derived from Treasury Department Order No. 150–37, dated March 17, 1955. Treasury Order No. 150–37, however, was not published in the *Federal Register*. Commissioner's Order No. 4 (Revisions 0 through 8) were issued prior to the promulgation of Treasury Order No. 150–37 but dealt with tax treaties and tax conventions and the relationship of foreign countries relative to tax matters with the United States.

The next portion of Hatcher's argument involves the proposition that delegated authority must be properly published in order to be enforceable. Hatcher notes that prior to 1935 much of the internal documentation of federal agencies which affected the American public was not published anywhere. The Act of July 26, 1935, 49 Stat. 500, ch. 417, codified at 44 U.S.C. § 1501 et seq., created the *Federal Register* and re-

quired federal agencies to publish documents which affected the public in the *Federal Register.* Hatcher also claims that the Internal Revenue Service violated the Paperwork Reduction Act of 1980 by failing to display a control number upon each information collection request.

The United States contends that the authority to issue a summons with respect to tax matters derived from 26 U.S.C. § 7602, which states in part:

(a) *Authority to summon, etc.*—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ... the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act ... to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry....

The United States's brief in opposition cites the case of *Couch v. United States* in which the Supreme Court stated that "[i]t is now undisputed that a special agent is authorized, pursuant to 26 U.S.C. § 7602, to issue an Internal Revenue summons in aid of a tax investigation with civil and possible criminal consequences." 409 U.S. 322, 326, 93 S.Ct. 611, 614–15, 34 L.Ed.2d 548 (1973). The question in that case, however, was whether the taxpayer was able to invoke the Fifth Amendment privilege against compulsory self-incrimination to prevent the production of business and tax records in the possession of the accountant. *Id.* at 323, 93 S.Ct. at 613. The Court in *Couch* did not discuss Hatcher's argument that the agents lack authority because the underlying Treasury Department orders were not published in the *Federal Register.*

The United States also argues that Commissioner's Order No. 4 (Rev. 15), effective March 15, 1984, was published in the *Fed-eral Register* on April 9, 1984. *See* 49 F.R. 13946. The United States contends that this Order states that the authority granted to the Commissioner to issue summons is delegated to, among others, the Chief of the District Criminal Investigation (Chief). The Chief may designate any other officer or employee of the Internal Revenue Service as the individual before whom a person summoned pursuant to § 7602 must appear. The United States points out that an IRS Special Agent is considered among those officers who may be delegated such authority. *See* Commissioner's Order No. 4 (Rev. 15) at ¶ 4(b)(2).

The weakness in the United States's argument is that Hatcher does not contest that Commissioner's Order No. 4 (Rev. 15) was published in the *Federal Register.* Hatcher is claiming that the Secretary has not delegated authority to the Commissioner and hence the Commissioner cannot redelegate authority to any subordinates to execute the Internal Revenue laws. Hatcher argues in his reply brief—and this Court agrees—that the United States has failed to address the major issue which Hatcher raises in his brief—the absence of any duly promulgated and published delegation of authority from the Secretary to subordinates to execute the Internal Revenue laws against an American domiciled within the United States.

We disagree, however, with Hatcher's claim that this is a case of first impression. Our research has uncovered law which addresses this issue. 44 U.S.C. § 1507 provides for publication in the *Federal Register* and reads as follows:

A document required by section 1505(a) of this title to be published in the Federal Register is not valid as against a person who has not had actual knowledge of it until the duplicate originals or certified copies of the document have been filed with the Office of the Federal Register and a copy made available for public inspection as provided by section 1503 of this title. Unless otherwise specifically provided by statute, filing of a document, required or authorized to be published by section 1505 of this title,

except in cases where notice by publication is insufficient in law, is sufficient to give notice of the contents of the document to a person subject to or affected by it.

The inference drawn from 44 U.S.C. § 1507 is that "Congress intended ... a document to be valid against any person who has actual knowledge of it even though the duplicate originals or certified copies were not filed as required, and even though the document was never published." *United States v. Monroe,* 408 F.Supp. 270, 275 (N.D.Calif.1976), *aff'd* 552 F.2d 860 (9th Cir.1977), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1069 (1977). Other courts have considered the question and have adopted the position that failure to publish or file a document is without consequence as against a person having actual knowledge of it. *See, e.g., NLRB v. Chelsea Clock Company,* 411 F.2d 189, 191 (1st Cir.1969) (National Labor Relations Board's failure to publish summary judgment regulations in the *Federal Register* do not make such regulations invalid as to one with actual notice of them); *Kessler v. FCC,* 326 F.2d 673, 690 (D.C.Cir.1963) (person having actual notice of a procedural rule change is bound by it even though it has not been published).

Hatcher has demonstrated actual knowledge of Treasury Order No. 150–10 and Treasury Order No. 150–37. Hatcher also had actual and timely notice of the Internal Revenue Service's rules with respect to the issuance of a summons and therefore has not demonstrated the invalidity of the challenged summons. *Id.*

In addition, Hatcher claims that this Court should quash the summons because the Internal Revenue Service has not complied with the Administrative Procedure Act, 5 U.S.C. § 552, which also requires agencies to publish documents in the *Federal Register.* 5 U.S.C. § 552 states, in pertinent part, as follows:

(a) Each agency shall make available to the public information as follows:

(1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public—

(A) descriptions of its central and field organization ...

(B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;

. . . . .

(D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency....

Hatcher relies on the following section of the Administrative Procedure Act to support his claim that issuance of the summons is invalid:

Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published....

5 U.S.C. § 552(a)(1). Hatcher's reliance on this section ignores the exception for actual and timely notice. "The purpose of publication in the Federal Register is public guidance." *Pitts v. United States,* 599 F.2d 1103, 1108 (1st Cir.1979). Actual and timely notice under 5 U.S.C. § 552 should be interpreted to mean that the agency must be precise, timely, and informative with respect to procedures. *United States v. Anaconda Company,* 445 F.Supp. 486, 497 (D.C.1977).

We are of the view that Hatcher's argument based upon the Paperwork Reduction Act of 1980 (Act) is irrelevant to this proceeding. While Hatcher may be correct that the Act states that nobody may be punished for failure to file an "information collection request" which does not comply with the Act, the Act does not allow an individual to ignore a summons. *See* 44 U.S.C. § 3502.

█ The Supreme Court has set forth the requirements which govern enforcement of a third party summons issued by the Internal Revenue Service pursuant to 26 U.S.C. § 7602. *See United States v.*

*Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In order to establish a prima facie case for enforcement of a summons the United States must only show: (1) that the summons was issued for a legitimate purpose; (2) that the information sought may be relevant to that purpose; (3) that the information sought is not already within the Commissioner's possession; and (4) that the administrative steps required by the Code have been followed. *See Id.* at 57–58, 85 S.Ct. at 254–55; *Godwin v. United States,* 564 F.Supp. 1209, 1212 (D.Del.1983); *Johnson v. United States,* 607 F.Supp. 347, 348 (E.D.Pa.1985). The declaration of Special Agent Joel Ozborn which the Government provided sets forth all of the requisite standards which establish a prima facie case for enforcement.

For all of the above reasons, this Court will deny Hatcher's motion to quash the summons issued by Joel Ozborn. We will vacate the stay of execution of the summons. We will permit the United States to reissue the summons setting another time for appearance.

An appropriate order will be entered.