UNITED STATES of America, Petitioner,

v.

Kenneth A. STOECKLIN, Respondent.

No. 93–148–Misc–J.

United States District Court,
M.D. Florida.
Ocala Division.

Feb. 15, 1994.

A.B. Phillips, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, and Ralph J. Lee, Asst. U.S. Atty., Jacksonville, FL, for U.S.

Kenneth A. Stoecklin, appeared pro se.

### ORDER

JOHN H. MOORE, II, Chief Judge.

The above-styled cause is before the Court on the Report and Recommendation of the United States Magistrate Judge, filed December 8, 1993 (Doc. # 35). Defendant objected to the Report and Recommendation on December 13, 1993 (Doc. # 39).

After conducting a *de novo* review of the entire record herein, the Court hereby adopts, confirms, and ratifies the Report and Recommendation. Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. That the Petition to Enforce Internal Revenue Service Summons filed September 15, 1993 (Doc. # 1) is hereby **GRANTED;**

2. That the Motion to Dismiss filed October 7, 1993 (Doc. # 15) and Renewed Motion to Dismiss filed November 30, 1993 (Doc. # 30) are hereby **DENIED.**

**DONE AND ORDERED.**

### REPORT AND RECOMMENDATION [1]

STEELE, United States Magistrate Judge.

### I. Status

This cause is before the Court on the Petition To Enforce Internal Revenue Service Summons (Doc. # 1) (the Petition), filed September 15, 1993. An Order To Show Cause was issued by the Court on September 16, 1993 (Doc. # 2); a second Order To Show Cause was entered by the Court on October 21, 1993 (Doc. # 14). Respondent's Motion To Dismiss (Doc. # 15) was filed October 27, 1993. Respondent has also filed a Refusal For Cause And Judicial Notice (Doc. # 22), a Reservation Of Rights Under Uniform Commercial Code (Doc. # 27), an Answer To Petition To Enforce I.R.S. Summons (Doc. # 29), and a Renewed Motion To Dismiss (Doc. # 30).

A hearing was held by the Court on December 1, 1993. The Court heard the testimony of Revenue Officer David Quinn and received Respondent's Exhibits A and B. As directed by the Court, petitioner has also submitted excerpts of a deposition given by respondent in a bankruptcy proceeding and citations to published notices (Doc. # 31).

### II. Summons Enforcement General Principles

Title 26, United States Code, §§ 7402(b) and 7604(a), grant courts the jurisdiction to issue appropriate process for enforcement of Internal Revenue Service (IRS) summonses. Local Rule 6.01(c)(11), United States District Court For the Middle District of Florida, refers such matters to the magistrate judge, and a report and recommendation to the district court is then prepared. *United States v. First National Bank of Atlanta,* 628 F.2d 871, 873 (5th Cir.1980).[2]

 To obtain judicial enforcement of a summons, the Internal Revenue Service must establish: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964); *United States v. Medlin,*

---

[1]. Any party may file and serve objections hereto within TEN (10) DAYS after service of this opinion. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a) and (e); Local Rule 4.20, United States District Court for the Middle District of Florida.

[2]. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

986 F.2d 463, 466 (11th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 347, 126 L.Ed.2d 311 (1993). This imposes a "minimal burden" upon the IRS, which may be satisfied by merely presenting a sworn affidavit of the agent who issued the summons attesting to these facts. *United States v. Medlin,* 986 F.2d at 466. Once the IRS has made such a showing, the burden shifts to the party contesting the summons to disprove at least one of the four elements of the government's prima facie showing or to convince the court that enforcement would constitute an abuse of the court's process. *United States v. Medlin,* 986 F.2d at 466; *LaMura v. United States,* 765 F.2d 974, 979–80 (11th Cir.1985). The burden on the contesting party is a heavy one which requires allegations of specific facts and the introduction of evidence. *United States v. Leventhal,* 961 F.2d 936, 939 (11th Cir.1992).

### III. Application of Principles To This Case

The Declaration of Revenue Officer David B. Quinn and the testimony and exhibits from the December 1, 1993 hearing established the following: Revenue Officer Quinn has been employed with IRS for approximately 19 years and is a grade GS–12. He served an IRS Summons upon petitioner on July 8, 1993. (Doc. # 1, Declaration, ¶ 3, 4, Exhibit A–1). The Summons directed respondent to appear on July 20, 1993 to give testimony and produce for examination and copying "[a]ll records regarding the existence of, and/or the transactions between and among Kennedy Financial and Investment Company and Kenneth A. Stoecklin, including, but not limited to Trust documents and bank records pertaining to Kennedy Financial and Investment Company, beginning with the inception of Kennedy Financial and Investment Company through the date of appearance required by this Summons." (Doc. # 1, Declaration, ¶ 3; Exhibit A–1). Revenue Officer Quinn testified that Kennedy Financial and Investment Company is an offshore trust which respondent had identified in a deposition in a bankruptcy case in Tampa, Florida. Respondent testified in deposition that he was the trustor and beneficiary of the trust and the trust was in the Caribbean. He also testified the trust had an interest in Commonweal, Inc., a debtor in bankruptcy proceedings in Tampa. (Doc. # 31, Exhibit A). Respondent failed to appear in response to the summons and has continued to fail to produce the requested documents. (Declaration, ¶ 5).

As noted above, the United States must establish a prima facie case before the burden shifts to respondent. The United States has met its burden, and respondent has neither rebutted this showing nor established that enforcement would be an abuse of the Court's process. The Court will discuss each of the required elements and will then discuss the affirmative defenses raised by respondent in his Answer and the issues raised by his Motion To Dismiss.

### (1) Legitimate Purpose of Investigation:

■ The Declaration of D.B. Quinn (Doc. # 1, Exhibit A) states that he is a Revenue Officer of the IRS and is "conducting an investigation for the purpose of collecting the unpaid federal income tax liability of Kenneth A. Stoecklin for the years 1978, 1979, 1980, 1981, 1982, and 1983" (Declaration, ¶ 2); he gave similar testimony at the December 1, 1993 hearing. Collecting unpaid federal income tax liability is a legitimate purpose for which a summons may properly be issued. 26 U.S.C. § 7602(a). Respondent's summary denial in his Answer is insufficient to disprove this element, and no evidence to the contrary was introduced at the hearing. The issues raised in respondent's Affirmative Defenses and Motion To Dismiss purporting to rebut this element are discussed below and are without merit.

### (2) Inquiry Relevant to Purpose of Investigation:

■ Revenue Officer Quinn's Declaration states that the items sought by the Summons "may be relevant and material to the investigation". (Declaration, ¶ 6). He further states that it is necessary to obtain respondent's testimony and documents "in order to collect the unpaid federal income tax liability" of respondent for the years 1978 to 1983. (Declaration, ¶ 8). Respondent admitted in

the bankruptcy deposition that financial transactions between himself and Kennedy existed and that he was the trustor and only beneficiary of the trust. This element of the government's prima facie case has been satisfied.

### (3) Information Not Already In IRS Possession:

■ Revenue Officer Quinn has stated that the items sought by the Summons "are not already in the possession of the Internal Revenue Service." (Declaration, ¶ 7). Respondent's Answer asserts a denial based upon a lack of knowledge; this is insufficient to disprove this element, and therefore this element of the government's prima facie case has been established.

### (4) Compliance With Administrative Requirements:

Revenue Officer Quinn has stated that all administrative steps required by the Internal Revenue Code have been followed and testified to the same effect. (Declaration, ¶ 9). Respondent's Answer asserts a denial based upon a lack of knowledge; this is insufficient to disprove this element, and therefore this element of the government's prima facie case has been established.

### (5) Abuse of Court's Process:

Revenue Officer Quinn has stated that there has been no referral to the Justice Department for criminal prosecution for the years 1978–83. (Declaration, ¶ 10). This satisfies the requirement of 26 U.S.C. § 7602(c).

Respondent has raised a number of affirmative defenses in his Answer; these elaborate and expand upon similar arguments made in his Motion To Dismiss and his Refusal For Cause and Judicial Notice. The Court will discuss each issue raised in any of respondent's filings to determine if enforcement of the summons would be an abuse of the Court's process.

### (a) Failure To State Claim:

Respondent asserts in his Motion To Dismiss (Doc. # 15) that the Petition does not state a claim for which relief may be granted. The Court has reviewed the Petition and its exhibits and concludes that it fully complies with the requirements of *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964) and therefore does state a claim for which relief may be granted.

### (b) Subject Matter Jurisdiction:

■ Respondent argued at the hearing that his primary assertion is that this Court lacks subject matter jurisdiction. Respondent asserts that the Secretary of the Treasury is required by 26 U.S.C. § 7805(a) to promulgate implementing regulations, that these regulations have the force of law, that the Secretary has failed to promulgate such regulations regarding income tax, and that without such regulations the IRS statutes are given no force and effect. In the absence of such regulations, respondent asserts that 26 U.S.C. § 7604(a), which purports to vest jurisdiction in the district court, has no effect. Respondent also argues that he does not fall within § 7604(a) because he is not a "person" and/or does not "reside" in this district.

26 U.S.C. § 7805(a) requires the Secretary to prescribe "all needful rules and regulations for the enforcement of this title ..." Regulatory embellishment is unnecessary, because enforcement procedure is clearly set forth in the statutes. 26 U.S.C. § 7602 et seq. Similarly, there is no need for regulations regarding the jurisdiction of a district court because the statutes themselves also specifically vest jurisdiction. 26 U.S.C. §§ 7402(b), 7604(a)[3]. Because Congress has

---

**3.** § 7402(b) provides:
 (b) To enforce summons. If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

§ 7604(a) provides:
 (a) Jurisdiction of district court. If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testi-

spoken clearly, there was no need to promulgate or refer to regulations. *RJR Nabisco, Inc. v. United States*, 955 F.2d 1457, 1464 (11th Cir.1992). Therefore, respondent's argument that without regulations the statutes are not operative is without merit.

■ Respondent argues that he is not a "person" within the meaning of the statutes, and therefore this Court lacks jurisdiction. Respondent asserts that "person" as used in the statute refers to something other than a natural individual, and therefore cannot refer to him. This argument is frivolous. 1 U.S.C. § 1; 26 U.S.C. 7701(a)(1); *Stoecklin v. C.I.R.*, 865 F.2d 1221, 1224 (11th Cir.1989); *United States v. Karlin*, 785 F.2d 90, 91 (3rd Cir.1986), *cert. denied* 480 U.S. 907, 107 S.Ct. 1351, 94 L.Ed.2d 522 (1987) (individual is a "person" under 26 U.S.C. § 7203).

■ Respondent also argues that he does not "reside" within this District within the meaning of the statute. Respondent advised the Court that he "lives" in an unincorporated portion of Citrus County, Florida; he refers to this as being a republic and not one of the United States of America. This argument is also frivolous. The statute confers jurisdiction in the district where the person "resides or is found." Respondent admits that he lives in Citrus County, Florida and thus is at least "found" there. Citrus County is within the Ocala Division of the Middle District of Florida, 28 U.S.C. § 89(b); Local Rule 1.02(b)(2), and therefore this Court does have jurisdiction.

### (c) Fraud; No Legal Contract Between Respondent And IRS:

■ Respondent argues that there is no personal jurisdiction over him because he is not "a federal subject" and is not a "person" who owes an obligation to pay taxes to the federal government. Respondent alleges that petitioner has failed to produce any written documentation that he has agreed to subject himself to federal income tax. Respondent argues that he is not a citizen of the United States but rather a free citizen of the republic of Florida. Revenue Officer Quinn testified at the hearing that he knew

mony, or production of books, papers, records,

of no such contract or agreement between respondent and the IRS or the United States. Respondent's argument has consistently been rejected. *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir.1993) (Minnesota); *United States v. Price*, 798 F.2d 111, 112–13 (5th Cir.1986) (Texas). Additionally, *Stoecklin v. C.I.R.*, 865 F.2d at 1224 stated "Stoecklin's arguments that he is not subject to the income tax laws are equally frivolous."

### (d) Illegality:

Respondent incorporates his argument concerning the lack of regulations implementing the income tax collection authority of the IRS and argues that the summons is illegal. For the reasons set forth above, this argument is without merit.

### (e) Defective Summons Form:

■ Respondent argues that the summons, Form 2039, is defective because it fails to contain an O.M.B. number as required under the Paperwork Reduction Act of 1980, 44 U.S.C. § 3512. Respondent asserts that the summons is therefore a "bootleg" form which can safely be ignored by the public.

Respondent's argument is without merit. As recently as this year the Eleventh Circuit has enforced a summons served on Form 2039. *United States v. Medlin*, 986 F.2d at 467. The Court agrees with *Hatcher v. United States*, 733 F.Supp. 218, 221 (M.D.Pa. 1990) which held that non-compliance with this Act "does not allow an individual to ignore a summons." Even if there is a statutory violation, the court evaluates its seriousness and the degree of harm imposed. *United States v. Payne*, 648 F.2d 361, 363 (5th Cir.), *cert. denied* 454 U.S. 1032, 102 S.Ct. 570, 70 L.Ed.2d 476 (1981). Here, the failure to list an OMB number on the form is not a serious violation and it caused no harm to respondent.

### (f) Delegation of Authority To Revenue Officer:

Respondent argues that the summons was improperly served upon him because service was by a revenue officer and revenue officers

or other data.

have not been properly delegated authority to serve IRS summons.

"[T]he Secretary" is authorized to issue a summons, 26 U.S.C. § 7602(a)(2). This includes the delegate of the Secretary of the Treasury, 26 U.S.C. § 7701(a)(11)(B), which in turn includes redelegations of authority. 26 U.S.C. § 7701(a)(12)(A). Respondent argues that there has been no *published* delegation of authority to a revenue agent to serve a summons, and without a properly published delegation, the service was improper and the summons is not enforceable. The Commissioner has delegated the authority to issue summons to Revenue Officers, Internal Revenue Service Delegation Order No. 4 (Rev. 20), which was published prior to service of this summons. (55 Fed.Reg. 7626–01).

## (g) Unclean Hands:

■ Respondent asserts that on July 9, 1993 he sent a letter to Revenue Officer Quinn requesting additional information. Because he received no response within ten days, respondent argues that there is a presumption that the IRS lacked the authority to issue the summons. Respondent's argument is simply incorrect. While failure to respond to a "pleading" or to certain types of discovery may result in facts being presumed true (e.g., Fed.R.Civ.P. 8(d); 36(a)), there is no such consequence to the failure to respond to a letter from a person summoned to appear.

## (h) Contributory Negligence; Witness Fees:

■ Respondent argues that he was excused from appearance in response to the Summons because the IRS did not pre-pay witness fees and mileage despite his faxed request. Respondent's faxed request merely stated that it was possible he may appear if given witness fees. (Doc. # 29, Exhibit C). Additionally, respondent was not entitled to any witness fees or mileage since he is "the person with respect to whose liability the summons is issued". 26 U.S.C. § 7610(b)(2).

## (i) Fifth Amendment Privilege:

■ Respondent has asserted his Fifth Amendment privilege. Respondent must appear in response to the summons and assert the Fifth Amendment to each question and document to which he believes it applies; he may not assert a blanket privilege. *United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir.1991); *Anglada v. Sprague*, 822 F.2d 1035, 1037 (11th Cir.1987); *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir.1969). Only when this process is followed can the Court determine if the assertion is well founded.

## (j) Uniform Commercial Code:

■ Respondent also asserts that there is no subject matter jurisdiction or personal jurisdiction over him because several documents served upon him are "counterfeit securities" within the meaning of the Uniform Commercial Code (UCC). Specifically, respondent asserts that the Summons, the Declaration of Revenue Officer Quinn, the Petition and the October 21, 1993 Order To Show Cause are counterfeit securities, which he has "refused for cause without dishonor or protest" pursuant to Sec. 3–501 of the UCC. (Doc. # 22). Respondent argues that the UCC applies because he is being treated as human chattel and property, and because the 14th Amendment makes all citizens and residents a security for any debt of the federal government.

Respondent's argument is frivolous. None of the documents are "securities". E.g., F.S.A. §§ 678.102(1)(c), 517.021(21); 18 U.S.C. § 2311, 11 U.S.C. § 101(49), 15 U.S.C. § 78c(a)(10).

## IV. Renewed Motion To Dismiss

■ The Court struck petitioner's one sentence response to respondent's initial Motion To Dismiss (Doc. # 19), which led respondent to seek dismissal on the theory that there was a default and his motion must be presumed to be well founded. Fed.R.Civ.P. 8(d) only applies to "pleadings", and a motion to dismiss is not a pleading. Fed.R.Civ.P. 7(a); *Fortner v. Thomas*, 983 F.2d 1024, 1032 (11th Cir.1993).

The Renewed Motion should be **denied**.

## V. Recommendation

The Court therefore recommends:

(1) The Petition To Enforce Internal Revenue Service Summons (Doc. # 1), filed September 15, 1993, be **granted;**

(2) The Motion To Dismiss (Doc. # 15) filed October 27, 1993 be **denied;** and

(3) The Renewed Motion To Dismiss (Doc. # 30), filed November 30, 1993, be **denied.**

**DONE AND ENTERED** at Jacksonville, Florida, this 8th day of December, 1993.