UNITED STATES of America, Petitioner,

v.

**Larry A. HARTMAN and Marguerite C. Hartman, Respondents.**

**No. 95–3–CIV–OC–10.**

United States District Court,
M.D. Florida,
Ocala Division.

Jan. 10, 1996.

Charles R. Wilson, United States Attorney, Bonnie Glober, Assistant United States Attorney, United States Attorney's Office, Jacksonville, FL, Benjamin A. de Luna, District Counsel, Internal Revenue Service, Jacksonville, FL, for United States of America.

Larry A. Hartman, Floral City, FL, pro se.

Marguerite C. Hartman, Floral City, FL, pro se.

### *ORDER*

HODGES, District Judge.

This case is before the Court on the United States' petition to enforce summonses (Doc. 1). The petition was considered by the United States Magistrate Judge pursuant to the general order of assignment, who has filed his report (Doc. 9) recommending that the petition be granted and the summonses enforced. The Hartmans, who style themselves as "Non–Consenting Persons," have filed objections (Doc. 10) to the report, the primary thrust of which is that the payment of income taxes to the United States is voluntary, and they have not consented to make such payments.

Accordingly, upon this Court's independent examination of the file and upon due consideration of the Magistrate Judge's report and recommendation, the report and recommendation is adopted, confirmed and made a part hereof. The petition (Doc. 1) is GRANTED, and the summonses which are the subject of the petition shall be enforced as issued, and the Hartmans are directed to forthwith comply with those summonses as directed by the issuing Revenue Officer.

IT IS SO ORDERED.

DONE and ORDERED.

### *REPORT AND RECOMMENDATION* [1]

#### *Status*

SNYDER, United States Magistrate Judge.

This cause is before the Court on the United States' Petition to Enforce Internal Revenue Service Summonses (Doc. # 1; hereinafter Petition), filed on August 23, 1995. According to the Declaration of C. Little, Revenue Officer, Internal Revenue Service (hereinafter Declaration), attached to the Petition as Exhibit A, two Internal Revenue Service (hereinafter IRS) summonses were issued by the revenue officer to Larry A. Hartman and Marguerite C. Hartman. The summonses were issued as part of an IRS investigation into the Respondents' tax liability and required them to appear on July 1, 1994, and provide testimony as well as books, records, papers or other data.

An Order to Show Cause (Doc. # 2) was entered by the undersigned on August 30, 1995, directing the Respondents to appear and answer why they should not be compelled to obey the IRS summonses served. It also ordered them to respond to the Petition. On October 4, 1995, at the show cause

---

**1.** Specific, written objections may be filed within ten (10) days after service of this document. Rule 6.02, Local Rules, United States District Court, Middle District of Florida. Failure to timely serve objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

hearing, Respondents filed their Court Order Refused for Cause Without Dishonor (in affidavit form) (Doc. # 5; hereinafter Response). In their Response Mr. and Mrs. Hartman indicated they were refusing to "accept the Court's Show Cause Order." *Id.* at 1. Respondents' refusal was based upon the following claims: (1) the summonses did not provide the required implementing regulations; (2) the summonses did not grant use immunity for the testimonies sought; (3) that C. Little is not an individual authorized to perform functions listed in 26 U.S.C. § 7608; and (4) several arguments that the regulations applicable to the Internal Revenue Code do not require them to pay taxes. The show cause hearing on this matter was continued until October 20, 1995, at which time the Respondents argued they were not required to comply with the summonses because the payment of income taxes in the United States is voluntary.

### *Summons Enforcement*

▪ Title 26, United States Code, §§ 7402(b) and 7604(a), provide jurisdiction to the district courts to issue appropriate process for enforcement of Internal Revenue Service summonses. To obtain judicial enforcement of a summons, the Internal Revenue Service must establish: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information sought is not already in the IRS' possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Medlin,* 986 F.2d 463, 466 (11th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 347, 126 L.Ed.2d 311 (1993); *United States v. Leventhal,* 961 F.2d 936, 939 (11th Cir.1992) (per curiam). "The IRS may satisfy its minimal burden 'merely by presenting the sworn affidavit of the agent who issued the summons attesting to those facts.'" *Medlin,* 986 F.2d at 466 (quoting *La Mura v. United States,* 765 F.2d 974, 979 (11th Cir.1985)). Once the IRS has made this showing, "the burden shifts to the party contesting the summons to disprove one of the four elements of the government's prima facie showing or convince the court that enforcement of the summons would constitute an abuse of the court's process." *La Mura,* 765 F.2d at 979–80.

### *The United States has Made a Prima Facie Showing*

▪ Revenue Officer Little declares under penalty of perjury that an investigation is being conducted "to determine the tax liability of the respondents, Larry A. and Marguerite C. Hartman, for the years 1986 through 1993, for which years no individual income tax returns have been filed." Declaration at 1. Such a purpose is specifically endorsed in the statute giving rise to the power to issue summonses. *See* 26 U.S.C. § 7602(a). It is further declared the instant summonses were issued in furtherance of the investigation and that they are necessary to obtain the Hartmans' testimony and examination of the requested documents to properly determine the Respondents' tax liability. Declaration at 1, 3. Therefore, the proposed inquiry is relevant to the revenue officer's investigation.

Revenue Officer Little avers:

> Except for some Forms W–2, Wage and Tax Statement, and Forms 1099, which may already be in the possession of the [IRS], but which are not readily accessible without undue administrative burden and expense, the information, books, records, papers and other data sought by the summonses are not already in the possession of the [IRS] for the years 1986 through 1993. The [IRS], is however, in possession of some wage income information for Marguerite Hartman for the years 1991 and 1992.

Declaration at 2–3. It is stated "[a]ll administrative steps required by the Internal Revenue Code for issuance of … summons[es] have been taken," *id.* at 3, and that "[a] Justice Department referral, as defined by Section 7602(c)(2) of the Internal Revenue Code of 1986, is not in effect with respect to Larry A. Hartman or Marguerite C. Hartman for the years under investigation." *Id.* Because Revenue Officer Little's Declaration addresses each of the elements outlined above, the United States, on behalf of the IRS, has met its burden of making a prima

facie showing the summonses were properly issued and should be enforced.

### Respondents' Arguments

*Voluntariness*

Respondents, a gospel minister and his wife, contend they are neither tax evaders nor tax protesters. They state it remains their wish "to comply with all laws which apply to us, and pay any and all taxes for which we are liable." Response at 5. The Hartmans assert, however, that "[t]hrough our years of study of the U.S. Constitution and the IRS Code, we have come to understand and fully believe that 'voluntary compliance' to the tax code is without obligation or mandatory requirement. Therefore, we have no tax liability or requirement to file a 1040 return." *Id.* Stated another way, in one of the exhibits Respondents presented to the Court, "[s]ince [the income tax system] is based on 'voluntary compliance', we choose not to 'volunteer'." Exhibit G, attached to Response.

■■■ Any assertion that the payment of income taxes is voluntary is without merit. It is without question that the payment of income taxes is not voluntary. *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir.1993) (per curiam); *Wilcox v. Commissioner of Internal Revenue*, 848 F.2d 1007, 1008 (9th Cir.1988). The assertion that the filing of an income tax return is voluntary is, likewise, frivolous. Title 26, United States Code, Section 6012(a)(1)(A), "requires that every individual who earns a threshold level of income must file a tax return." *United States v. Pottorf,* 769 F.Supp. 1176, 1183 (D.Kan.1991). Failure to file an income tax return subjects an individual to criminal penalty. *Id.* (citing 26 U.S.C. § 7203).

*Lack of Implementing Regulations*

■ Respondents argue the summonses are deficient because they do not provide "the required implementing regulations." Response at 1. It is asserted the only regulation corresponding with the Internal Revenue Code sections authorizing summonses to be issued "deal[ ] exclusively with taxable alcohol, tobacco, or firearm activities. The IRS records show, or should show, that we are not involved in any taxable alcohol, tobacco or firearm activities." *Id.* at 3.

The Internal Revenue Code authorizes the Secretary of the Treasury to issue administrative summonses for the purpose of ascertaining the correctness of any return or determining the liability of any person for any internal revenue tax. 26 U.S.C. § 7602. The Internal Revenue Service is not required to make any showing of tax liability as a prerequisite to the issuance of an administrative summons. The authority to issue administrative summonses is part of the Secretary's broad statutory charge to "inquire after and concerning all persons ... who may be liable to pay any internal revenue tax." *Id.* § 7601. Respondents' contention that the summonses cannot be enforced because no implementing regulations have been promulgated concerning the issuance of IRS summonses is incorrect. *Madge v. United States,* Consolidated Misc. File No. 3–94–34, 1995 WL 313653, 1995 U.S.Dist. LEXIS 2355 (D.Minn. February 13, 1995) ("With respect to the assertion that no regulations have implemented the statute, the Court finds as a matter of law that no implementing regulations are necessary for a statute empowering the IRS to issue summonses"); *see also Cocozza v. United States,* Case No. 95–2529, 1995 WL 610684, 1995 U.S.Dist. LEXIS 12660 (E.D.Pa. August 14, 1995); *United States v. Stoecklin,* 848 F.Supp. 1521, 1525–26 (M.D.Fla.1994).

*Revenue Officer's Authority to Issue Summonses*

■ The contention that the revenue officer lacked the authority to issue the summonses in this matter is likewise without merit. Revenue officers of the Internal Revenue Service are authorized to serve summonses under the authority of the United States. 26 U.S.C. § 7608(a); *Stoecklin,* 848 F.Supp. at 1527.

*Use Immunity*

The Response filed by Respondents states:

[T]he U.S. Supreme Court has established that the act of producing information by way of testimony or documents cannot be compelled without a (bona fide) grant of

use immunity by the agency of the U.S. Government making the request, and that it was proper for the Court to reject the Government's attempt to compel delivery of documents when the Government failed to make a formal request for use immunity under 18 U.S.C. Sections 6002 and 6003 (*U.S. v. Doe*, 465 U.S. 605 [104 S.Ct. 1237, 79 L.Ed.2d 552] (1984)). No grant of use immunity was included with the Summons, nor was there any evidence that a formal request was made by C.L. Little to a person competent to provide such immunity.

Response at 4.

■■■ Respondents' argument misses the mark. The determination of whether to request use immunity is within the discretion of the United States under 18 U.S.C. §§ 6002 and 6003. Absent a grant of use immunity, the Hartmans must assert, if they reasonably believe it to be applicable, their Fifth Amendment privilege if they wish not to provide self-incriminating information. Furthermore, "a blanket refusal to produce records or to testify will not support a fifth amendment claim." *United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir.1991) (citing *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir.1969)). Instead, the taxpayer must respond to the summons and " 'present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense.' " *Id.* (quoting *Roundtree*, 420 F.2d at 852). Despite their apparent knowledge of this rule, *see* Exhibit I, attached to Response, at [unnumbered] 3–4, Respondents have yet to assert specifically their Fifth Amendment privilege against self-incrimination; thus, the Court need not address this issue at present.

### RECOMMENDATION

Based on the foregoing, it is recommended:

(1) the Petition (Doc. # 1) be **GRANTED;**

(2) the summonses which are the subject of the Petition be **ENFORCED** as issued, and that Respondents be directed to comply with same forthwith.

**ENTERED** at Jacksonville, Florida, this 8th day of December, 1995.