**Richard J. THOMAS, Petitioner**

v.

**UNITED STATES of America, Respondent**

**No. 02–31–B–S.**

United States District Court, D. Maine.

April 14, 2003.

---

Richard J. Thomas, Bangor, ME, Pro se.

Stephen J. Turanchik, U.S. Department of Justice, Washington, DC, for Respondent.

## ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, Chief Judge.

The United States Magistrate Judge filed with the Court on February 18, 2003 her Recommended Decision. The Petitioner filed his objection to #20 of the Recommended Decision on March 23, 2003 and Respondent filed its objections to Petitioner's Objection and to #20 of the Rec-

ommended Decision on April 4, 2003. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.

1. It is therefore *ORDERED* that the Recommended Decision of the Magistrate Judge is hereby *AFFIRMED*.

2. The Court *ORDERS* as follows:

Petitioner's Motions to Quash, Docket Nos. 3, 4, and 8 are *DENIED*.

Petitioner's Motions to Quash, Docket No. 16 and so much of Docket No. 4 as relates to First Citizens Bank and United Kingfield Bank are *DISMISSED* based upon lack of jurisdiction.

The United States' Motion to Dismiss (Docket No. 5) is *DISMISSED* as moot.

The United States' Motion to Dismiss (Docket No. 17) relating to Jacy Richardson is *GRANTED*.

The United States' Motions for Partial Enforcement (as to all entities except Trent Jones and the Ichabod Trust) are *GRANTED* (Docket Nos. 12 and 14).

## RECOMMENDED DECISION

KRAVCHUK, United States Magistrate Judge.

Internal Revenue Service ("IRS") Special Agent Debra Sousa is conducting an investigation into the federal income tax liabilities of Richard J. Thomas for the tax years 1995 through 2001. In due course Sousa issued summonses to various entities in furtherance of the investigation. Those summonses directed the third party record keepers to produce any and all records they held relating to Richard Thomas and all related entities, including Joan M. Thomas, Center for Natural Healing, Trent R. Jones, Trustee, Ichabod Trust, Three Crows Corporation, and Richard Thomas. Thomas has objected to those summonses by filing motions to quash the IRS summonses. The United States has responded to the motions to quash with both its objection thereto and its own motions to enforce the summonses and to dismiss petitioner's motions. I will provide a scorecard:

### Thomas's Motions to Quash

| Court File No. | Date Filed | Parties Served |
| --- | --- | --- |
| Docket No. 3 | September 16, 2002 | Bangor FCU<br>Bangor Savings Bank<br>Banknorth NA |
| Docket No. 4 | September 18, 2002 | First Citizens Bank<br>United Kingfield Bank<br>Oppenheimerfunds<br>First Albany Corp. |
| Docket No. 8 | October 18, 2002 | Sallie Mae<br>General Motors Acceptance<br>Universal Card<br>MBNA |

Docket No. 16 November 29, 2002 Jacy Richardson

### The Government's Motions to Partially Enforce Summons and to Dismiss Motions to Quash [1]

| Court File No. | Date Filed | Involved Parties |
|---|---|---|
| Docket No. 12 | November 22, 2002 | Sallie Mae<br>General Motors Acceptance<br>Universal Card<br>MBNA |
| Docket No. 14 | November 22, 2002 | Bangor FCU<br>Bangor Savings Bank<br>Banknorth NA<br>First Citizens Bank<br>United Kingfield Bank<br>Oppenheimerfunds<br>First Albany Corp. |
| Docket No. 17 | December 10, 2002 | Jacy Richardson<br>Motion to Dismiss only |

I now recommend that the Court **Deny** petitioner's motions to quash the summonses (Docket Nos. 3, 4, 8, & 16). I further recommend that the Court **Grant** the Internal Revenue Service's motions to partially enforce the summonses (Docket Nos. 12 & 14) and **Grant** its motion to dismiss the motion to quash relating to the summons issued to Jacy Richardson (Docket No. 17).

### I. The Motions to Quash [2]

■ The United States concedes that the Internal Revenue Code (IRC) §§ 7609(b)(2)(A) and (c)(2)(E) generally permit a taxpayer to bring a proceeding to quash an IRS summons issued by a Special Agent pursuant to IRC § 7602 to a third-party record keeper. This court's jurisdiction to hear such a petition is found at § 7609(h). Section 7609(b)(2) which allows a proceeding such as this one has been construed as a waiver of sovereign immunity. *Stringer v. United States,* 776 F.2d 274, 275 (11th Cir.1985). Where a statutory scheme authorizes a claim against the United States and sets a time limit for filing that claim, the tribunal in which the claim is filed has jurisdiction only if the claim is filed within the time allowed. *Clay v. United States,* 199 F.3d 876, 879–81 (6th Cir.1999). Under § 7609(b)(2)(A) a taxpayer must "begin a proceeding to quash [the] summons not later than the 20th day after the day . . . notice is given."

■ Petitioner received notice of the summons to First Citizens Bank and United Kingfield Bank by certified mail to the

---

1. In addition to these motions, the United States also filed an earlier Motion to Dismiss (Docket No. 5). That motion, unaccompanied by any memorandum of law, relates to an earlier motion to quash filed by Thomas. (Docket No. 1.) The issues raised by those pleadings were resolved by the Court by order dated November 15, 2002. (Docket No. 11.)

Therefore Docket No. 5 is **DISMISSED** as moot.

2. In this portion of the recommended decision I address only the first three of the motions to quash. The fourth motion to quash relates to the Jacy Richardson summons and it is addressed separately in Part III of this decision.

petitioner on August 27, 2002. He had twenty days, or until September 16, 2002, to file his motion. He filed it September 18, two days late, and this court therefore lacks jurisdiction to hear his motion as to First Citizens or United Kingfield Banks. As to those two entities the motion to quash should be dismissed for lack of jurisdiction. However, even if the court had jurisdiction to entertain the motions, they would fail for the same reasons as the motions to quash fail as to the other nine third-party record keepers.

Thomas's three primary motions to quash all raise similar grounds. They are all captioned "Petition to Quash Third Party Summons Controverted by counter affidavit." The pleading itself, signed by Thomas under affirmation, is set forth in sixteen separate sections, ranging from a jurisdictional statement (¶ 1) to a request for recovery of costs (¶ 16). Sandwiched in between are fourteen separate claims that the IRS violated regulations, used improper forms, acted beyond its authority, and otherwise failed to comply with applicable statutory provisions and regulatory schemes. Thomas concludes with the affirmation "[a]ggrieved Party further states that Aggrieved Party has never operated in a regulated excise taxable source activity or industry."

The United States has distilled nine separate and distinct arguments from Thomas's motions. In his reply to the United States' response Thomas does not dispute the United States characterization of his primary arguments but merely attempts to raise some new issues pertaining to Debra Sousa's Declaration filed in support of the motions seeking partial enforcement of the summonses. Therefore I will accept that the issues are as framed by the United States in its response (Docket No. 12 at 4; Docket No. 14 at 8). For the reasons set forth by the United States at pages 5 through 12(Docket No 12) and pages 9

through 15 (Docket No. 14), none of these arguments has any merit whatsoever. I see no need to rehash the points made therein.

I do note that the gist of Thomas's various motions appears in large measure to rest upon his contention that the IRS has somehow exceeded its enforcement authority because he and his various business entities have never been involved in any activity relating to items that would be taxable under the Alcohol, Tobacco, and Firearms Division of the Treasury Department. That fact appears to be the genesis of his affirmation under oath. He argues that because there are regulations governing the issuance of summonses that are lodged under the authority of the Bureau of Alcohol, Tobacco, and Firearms of the Department of the Treasury, the IRS has no authority to issue summonses when conducting investigations of matters not related to alcohol, tobacco, or firearms.

■ Thomas's argument is not novel and it has been rejected by numerous courts in the past. *See, e.g., United States v. Streett,* 791 F.Supp. 563, 568 (D.Md. 1992) ("The patent flaw in the argument is that the cited ATF regulations are not the exclusive source of the government's authority to issue summonses under § 7602 of the Code."). The IRS has both statutory and regulatory authority to issue summonses and the statutory authority granted by § 7602 extends to "any person." *Id.; see also United States v. Stoecklin,* 848 F.Supp. 1521, 1525 (M.D.Fla., 1994) (rejecting subject matter jurisdiction challenge mounted by a petitioner asserting that failure to promulgate specific regulations regarding summons pertaining to income tax was fatal and declaring "[r]egulatory embellishment is unnecessary because enforcement procedure is clearly set forth in the statutes," citing 26 U.S.C. § 7602 et seq.). It appears to me that in all material

respects the United States complied with the required statutory procedures. The motion to quash as to nine of the third party record keepers enumerated above should be denied and it should be dismissed as to two of the entities because it is not timely.

## II. The Motions to Enforce

 The IRS requests that this court issue an order compelling the enforcement of the summonses for the records relating to Richard Thomas, Joan Thomas, Center for Natural Healing and Three Crows Corporation.[3] To obtain judicial enforcement of a summons the IRS must establish: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the administrative steps required by the IRC have been followed. *United States v. Powell*, 379 U.S. 48, 57 –58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). To establish a prima facie case for enforcement, the IRS need do no more than file an affidavit of an agent involved in the investigation setting forth good faith compliance with the *Powell* requirements. *See United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993); *United States v. Medlin*, 986 F.2d 463, 466 (11th Cir.1993); *Hintze v. IRS*, 879 F.2d 121, 126 (4th Cir.1989), *overruled on other grounds by Church of Scientology of Cal. v. United States*, 506 U.S. 9, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992); *accord United States v. Gertner*, 65 F.3d 963, 966 (1st Cir.1995) ("[T]he IRS must make a prima facie showing that it is acting in good faith and for a lawful purpose. This burden is not taxing, so to speak. Courts repeatedly have confirmed that an affidavit of the investigating agent attesting to satisfaction of the four *Powell* elements is itself adequate to make the requisite prima facie showing.").

The First Circuit explained in *Gertner*: "Once this minimal showing has been made, the burden shifts to the taxpayer to rebut the good-faith presumption that arises in consequence of the government's prima facie case." 65 F.3d at 967. The taxpayer is not required to conclusively disprove the prima facie case, but he must cite some significant facts or otherwise bring to light some serious weaknesses in the government's proffer before the court will hold an evidentiary hearing or otherwise be called upon to weigh the facts and draw the appropriate inferences. *Id.* If the taxpayer does not raise these substantial questions in the court's mind, the government's affidavit will carry the day. *Id.*

 Applying the *Powell* framework to the case before me, it becomes readily apparent that the IRS is entitled to an order enforcing its summonses. The affidavit of Debra Sousa, special agent for the IRS, filed in support of the IRS motion, is a classic example of compliance with the barebones requirements, albeit in a conclusory fashion. However, the affidavit does establish all of the necessary prerequisites. Sousa explains that she is conducting an investigation of Thomas connected with the administration or enforcement of the internal revenue laws for the tax years in question and there has been no Justice Department referral for the tax years in question, that is, its investigation is being conducted for a proper purpose. She further advises that the records she seeks are for Thomas and his related family member and/or business entities and that she has served the summons on his creditors or other third parties with whom he has had

---

**3.** The United States is not, at this time, seeking enforcement of the summonses as they relate to Trent R. Jones or the Ichabod Trust

because Jones did not receive notice of the summons.

financial dealings, that is, the information sought may be relevant to the investigation. Sousa averred in ¶ 15 that the IRS did not already have in its possession the information sought by the summons, satisfying the third of the *Powell* requirements. Finally Sousa maintains that all of the procedural requirements of the IRC have been met, with the exception that notice of the summonses was not provided to Trent R. Jones or the Ichabod Trust and enforcement is not sought as to those entities, thus satisfying the fourth and final *Powell* requirement.

▆▆▆▆ In his answer to the motion to dismiss Thomas has attempted to meet his burden and rebut the showing made in the affidavit. (Docket No. 19.) He claims that Debra Sousa has failed to produce any bona fide evidence that she is in fact a special agent. To the contrary she has produced such evidence through her affidavit. He also complains of perceived procedural irregularities and reiterates his unsupported claim that Sousa must spell out in her affidavit exactly what facts she intends to uncover. He also claims that some of the years sought may be beyond applicable statutes of limitation. Assuming such is the case, the requirement is that the information sought be relevant and there is no reason given as to why the records from those years would not be relevant to a determination of tax liability. Mystifyingly, Thomas also suggests that "the IMFOLT indicates that there is a criminal investigation. (Exhibit "E") The Transaction Code 914 indicates such investigation." I gather that this statement is in opposition to Sousa's sworn statement denying a referral to the Justice Department. A couple of problems arise: (1) Thomas's averment is not by way of affidavit; (2) his supporting documentation (Exhibit "E") consists of eight pages of printed out data identified as an IMF Tax Module and completely indecipherable to me; and (3) the significance of transaction code 914 is an unknown. Thomas has not met the burden of producing any significant facts that would raise a substantial question in my mind about the validity of agent Sousa's stated purpose. I would recommend that the court grant the IRS's motion for partial enforcement. I would further recommend that to the extent the IRS requests that the order granting partial enforcement be reduced to a particular form, it should be required to submit a proposed order or orders within ten days of the entry of an order affirming this recommended decision, if such an affirmation issues.

### III. The Jacy Richardson Summons

On November 18, 2002, Special Agent Debra Sousa served an IRS summons on Jacy Richardson seeking records relating to Three Crows Corporation. Neither Three Crows Corporation nor Jacy Richardson have ever entered an appearance in this court. Richard Thomas filed a motion to quash the subpoena served on Jacy Richardson, using the same format and raising the same arguments as in his earlier motions to quash. (Docket No. 16). The United States responded by filing a motion to dismiss asserting that Thomas lacked standing to bring such a motion. (Docket No. 17.) The United States' argument was grounded on the notion that Jacy Richardson is not a third-party record keeper within the statutory definition and therefore Thomas lacked standing to bring a motion to quash and the court lacks jurisdiction to quash the summons.

▆▆▆▆ Pursuant to 26 U.S.C. § 7603(b)(2)(A)-(J) there are ten categories of entities that are identified as "third-party recordkeepers." These entities include banks and credit unions, attorneys, accountants, securities brokers, and developers of computer software source code, among others. The predominant charac-

teristic of these third-party record keepers is that they all keep records involving transactions between the taxpayer and parties other than the third-party record-keeper. *Upton v. IRS*, 104 F.3d 543, 546–47 (2nd Cir.1997). Other entities that may have information pertaining to a taxpayer, such as employers or academic institutions, do not fall within any of the statutorily enumerated categories. The significance of being a third-party recordkeeper is that a taxpayer is only entitled to notice and given the right to intervene and prevent disclosure under § 7609 when records are sought from a third-party recordkeeper. There is no right to sue the United States in the absence of a waiver of its sovereign immunity and the statute waiving that immunity has no applicability if the summons was not issued to a third-party record-keeper. *Gilmartin v. IRS*, 174 F.Supp.2d 117, 119 (S.D.N.Y.2001).

 Mercifully the United States does not move for the enforcement of this summons. The unfortunate corollary is that there is no affidavit or other indication in the file to assist me in determining who Jacy Richardson is and what she has to do with this case. I can make an educated guess that she might be a clerk of the Three Crows Corporation based upon the fact that the summons requests corporate records. I also know that she is a notary because she acknowledged Thomas's signature on his pleadings. However, those facts do not confer standing on Thomas to proceed under § 7609 nor do they give this court jurisdiction to proceed pursuant to § 7609 and Thomas invokes this court's jurisdiction pursuant to that provision. (Docket No. 16 at 2).

4. I include this proviso because in some of the cases granting enforcement the court has directed the government to submit a proposed order. *See, e.g., United States v. Streett,* 791 F.Supp. 563 (D.Md.1992). It is unclear to me why the District Court's memorandum of de-

Based upon these circumstances I recommend that the court grant the United States' motion to dismiss.

**Conclusion**

In summary I recommend that the court dispose of the eight pending motions as follows:

Petitioner's Motions to Quash, Docket Nos. 3, 4, and 8 are **DENIED**.

Petitioner's Motions to Quash, Docket No. 16 and so much of Docket No. 4 as relates to First Citizens Bank and United Kingfield Bank are **DISMISSED** based upon lack of jurisdiction.

The United States' Motion to Dismiss (Docket No. 5) is **DISMISSED** as moot.

The United States' Motion to Dismiss (Docket No. 17) relating to Jacy Richardson is **GRANTED**.

The United States' Motions for Partial Enforcement (as to all entities except Trent Jones and the Ichabod Trust) are **GRANTED** (Docket Nos. 12 and 14). If the United States requests that the order[s] granting partial enforcement be reduce to a specific form, they should be required to file a proposed order within ten days of the court's decision on this matter.[4]

*NOTICE*

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being

cision and order would not be sufficient to accomplish the necessary enforcement of the summons, but to the extent an additional and supplemental order is required, the government should submit its proposal with the necessary explanation.

served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.