**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1850

RICHARD J. THOMAS,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

Richard J. Thomas, on brief pro se.
Frank P. Cihlar and Janet A. Bradley, Attorneys, Tax Division,
Department of Justice and Eileen J. O'Connor, Assistant Attorney
General, on brief for appellee.

March 16, 2004

**Per Curiam.** Pro se appellant Richard J. Thomas appeals from the district court's decision denying his motions to quash certain summonses issued by the Internal Revenue Service ("IRS") and partially enforcing such summonses. See Thomas v. United States, 254 F. Supp. 2d 174 (D. Me. 2003). We affirm for the following reasons and impose a sanction for the frivolous appeal.

## I. The Appeal

In support of his challenge to the summonses, Thomas makes various contentions: that IRS personnel told him that he could determine his own tax liability; that certain codes in IRS documents showed that he had "fully paid" his taxes for 1995 and 1996 and was not required to file returns for the years 1995-2001; that the IRS had not identified the "particular taxing statute and implementing regulation" that made him liable for taxes; and that he had not received an administrative hearing prior to issuance of the summonses. Thomas has forfeited consideration of these arguments, however, because he failed to present them to the district judge in his objection to the magistrate judge's report. See 254 F. Supp. 2d at 182-83 (notifying Thomas of consequence of failing to object to "specified portions" of the report); Keating v. United States, 848 F.2d 271, 274-75 (1st Cir. 1988) (declining to consider appellate arguments omitted in objection to magistrate judge's report where the report contained the same cautionary notice as the instant report).

Thomas also claims that the district judge and magistrate judge abused their discretion by failing to obtain expert assistance to construe certain IRS documents. To the extent he has not forfeited that claim for reasons given above, he has done so because he has not developed his argument on appeal. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("A claim is deemed waived if it is merely adverted to in a perfunctory fashion, unaccompanied by some effort at developed argumentation."). In any event, we perceive no abuse of discretion or error in the magistrate judge's determination, which the district judge accepted, that the documents he submitted failed to rebut the IRS's prima facie case in favor of enforcement.

Finally, Thomas contends that signing a 1040 form under pains of perjury would be tantamount to coercing him to waive his Fifth Amendment right not to incriminate himself. We need not consider that claim -- although we note that it is frivolous -- because he failed to raise it in the district court. United States v. Ocasio-Rivera, 991 F.2d 1, 3 (1st Cir. 1993) ("It is a bedrock principle in this circuit that issues must be squarely raised in the district court if they are to be preserved for appeal.") (citations omitted).

**II.  <u>Sanctions</u>**

In a separate motion, the government asks this court to impose a $6,000 sanction on Thomas for his frivolous appeal, citing Fed. R. App. P. 38 and 28 U.S.C. § 1912.  It offers evidence that this sum is less than the average expense ($6,900) it incurred in attorney salaries and other costs to defend typical frivolous tax appeals during the 2001-2002 time period.  Thomas has opposed the motion for sanctions, but does not contend that he cannot pay the amount requested.

We agree with the government that this appeal was frivolous. At bottom, Thomas contended that he could determine for himself whether he was subject to federal tax laws, and he claimed that IRS documents showed that he had "fully paid" his 1995 and 1996 taxes, although his own reply brief included a Notice of Deficiency that had been issued with respect to those very years.  Otherwise, he raised only arguments which he himself obviously did not deem substantial enough to pursue consistently or thoroughly in the district court or on appeal.

In accordance with a recently published opinion of this court, <u>Marino</u> v. <u>Brown</u>, No. 03-1835 (1st Cir. Feb. 12, 2004) (per curiam), we award a $2,000 sanction.  We eschew the higher sanction requested by the government in this instance because Thomas filed and briefed his appeal before we issued our <u>Marino</u> opinion, which explicitly warned pro se appellants that filing an "egregiously

meritless" tax appeal could well result in a sanction "of at least $4,000[.]"  Slip op. at 8.

Affirmed.  A sanction of $2,000 is imposed on the appellant. See Fed. R. App. P. 38; 28 U.S.C. § 1912.