Joseph A. LEFEBVRE,
Petitioner, Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent,
Appellee.

No. 86–1966.

United States Court of Appeals,
First Circuit.

Submitted March 5, 1987.

Decided Oct. 9, 1987.

Joseph A. Lefebvre, on brief, pro se.

Michael L. Paup, Gilbert S. Rothenberg, Tax Div., Dept. of Justice, and Roger M. Olsen, Asst. Atty. Gen., Washington, D.C., on brief, for appellee.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

PER CURIAM.

Joseph A. Lefebvre, pro se, appeals the Tax Court's dismissal of his petition which sought a redetermination of tax deficien-

cies and additions to his 1981 federal personal income tax. He also appeals the Tax Court's award of $600 in damages to the United States pursuant to 26 U.S.C. § 6673. The government seeks the imposition of sanctions against the taxpayer on the grounds that this appeal is frivolous. We affirm the Tax Court's dismissal of Lefebvre's petition, assess double costs in favor of the government, and warn that future similar unmeritorious pro se appeals risk the imposition of damages or attorney's fees against the appellant.

## I.

On April 26, 1985, the Commissioner of Internal Revenue issued a deficiency notice to Lefebvre which showed an increase in tax of $866 due to unreported taxable income, and an assessment of $326.21 in penalties [1] not including interest due under 26 U.S.C. § 6653(a)(2).

On July 22, 1985, Lefebvre filed a Tax Court petition for the redetermination of his tax liability. In the section of the petition which requires the taxpayer to state the portion of the deficiency notice that is disputed Lefebvre wrote, "I owe no tax for 1981. The Internal Revenue Service does not have jurisdiction over a private citizen." Attached to the pro se petition was a motion and memoranda asking the Tax Court to rule itself unconstitutional and to transfer the case to the district court for a trial by jury. Lefebvre contended that the Tax Court is improperly constituted, that its procedures put the burden of proof on the taxpayer in violation of the Fifth Amendment, that he must proceed there without the benefit of trial by jury, and that its judges are biased and lack judicial power to act. Lefebvre also stated:

> The U.S. Tax Court is undoubtedly an elaborately designed scheme and plot by the U.S. Congress, protected by federal judges and federal employees, to deprive the people of the U.S. of their constitutional rights under the Fifth and Seventh Amendments. (Tax Court brief for plaintiff at 1).

. . . . .

> It is obvious that Congress and the IRS together have abolished due process of law and the U.S. Constitution by allowing property to be seized illegally and by shifting the burden of proof to the taxpayer. (*Id.* at 3).

After filing its answer the government moved for judgment on the pleadings, Tax Court Rule 120, stating that the taxpayer had failed to comply with the requirements of Tax Court Rules 34(b)(4) and (b)(5),[2] had made no attempt to define a factual dispute and had instituted litigation for tax protest purposes. Lefebvre's objection to the government's motion reiterated his earlier jurisdictional arguments and added that he was not subject to the rules of the Tax Court since it was illegally constituted.

On July 10, 1986, the Tax Court entered a memorandum and order stating that Lefebvre's arguments were frivolous and directed him to file an amended petition which conformed to the specific pleading requirements of Rule 34(b)(4). The court warned that a new filing containing similar contentions would subject Lefebvre to sanctions under § 6673 which authorizes an

---

**1.** The government subsequently dropped one penalty, reducing the additions to tax to $259.80.

**2.** In relevant part, Rule 34(b) provides:

(b) *Content of petition in deficiency or liability actions.* The petition in a deficiency or liability action shall contain:

(3) The amount of the deficiency or liability, as the case may be, determined by the Commissioner; the nature of the tax; the year or years or other periods for which the determination was made; and, if different from the Commissioner's determination, the approximate amount of taxes in controversy.

(4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments or error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignment of errors shall be deemed to be conceded. Each assignment of error shall be separately lettered.

(5) Clear and concise lettered statements of the facts, on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner.

assessment of up to $5,000 in damages for filing a frivolous and groundless petition. The amended petition added only that 26 U.S.C. §§ 6001 and 6011 "do not establish a filing date." On August 19, 1986, the Tax Court found all of the Lefebvre's contentions frivolous, granted the government's motion, and awarded damages of $600.

Lefebvre contends on appeal that the Internal Revenue Service and the Tax Court are without jurisdiction to assess criminal penalties for violations of the provisions of the Internal Revenue Code, and that the penalties prescribed are criminal rather than civil because they are far greater than those for civil matters in general.[3]

## II.

■ While pro se pleadings are viewed less stringently, a petitioner who elects to proceed pro se must comply with the applicable procedural and substantive rules of law. *Casper v. Commissioner*, 805 F.2d 902, 906 n. 3 (10th Cir.1986); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986). A dismissal on the pleadings is appropriate when the petitioner presents no material issue of fact to be resolved and the moving party is clearly entitled to judgment as a matter of law. *National Fidelity Life Insurance Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir.1987); *Doleman v. Meiji Mutual Life Insurance Co.*, 727 F.2d 1480,

1482, (9th Cir.1984). A Tax Court Rule 120 dismissal, like that under Fed.R.Civ.P. 12(c), presents a legal conclusion subject to de novo review. *Gearhart v. Thorne*, 768 F.2d 1072, 1073 (9th Cir.1985); *see United States v. Yoffe*, 775 F.2d 447, 451 (1st Cir. 1985).

■ Lefebvre failed to allege in his original or amended petition *any* actual errors or miscalculations in the deficiency notice, Tax Court Rules 34(b)(4) and (5), and thus, conceded all issues of fact regarding his tax liability. Tax Court Rule 34(b)(4). Pro se petitioners must comply with the more detailed pleading requirements of Rule 34(b)(5). *Taylor v. Commissioner*, 771 F.2d 478, 479–80 (11th Cir.1985); *Scherping v. Commissioner*, 747 F.2d 478, 480 (8th Cir.1984). Lefebvre failed to meet his burden to detail specific facts which would call into question the presumed correctness of the Commissioner's determination of tax liability. *Id.* Nor was there merit in any other contentions presented to the Tax Court. *See supra* note 3. Finally, redetermination proceedings are civil in nature, and additions to tax are civil, not criminal sanctions. *Helvering v. Mitchell*, 303 U.S. 391, 401–05, 58 S.Ct. 630, 634–36, 82 L.Ed. 917 (1938); *Spies v. United States*, 317 U.S. 492, 495, 63 S.Ct. 364, 366, 87 L.Ed. 418 (1943).

Lefebvre's petition was correctly dismissed for failure to state a claim. Its contentions were without any legal or factual basis, *Christiansburg Garment Co. v.*

---

**3.** Other issues, raised by the appellant in the Tax Court, but not argued in his brief here, have been clearly established adversely to the taxpayer's position. (1) A taxpayer may opt to seek a redetermination in Tax Court, 26 U.S.C. § 6213, or can sue for a refund under 28 U.S.C. § 1491(a) and obtain a jury trial in district court, assuming a material factual dispute exists. *Sullivan v. United States*, 788 F.2d 813, 816 (1st Cir.1986). There is no right to a jury trial in Tax Court. *Phillips v. Commissioner*, 283 U.S. 589, 599 n. 9, 51 S.Ct. 608, 612 n. 9, 75 L.Ed. 1289 (1931); *Coleman v. Commissioner*, 791 F.2d 68, 71 (7th Cir.1986); *McCoy v. Commissioner*, 696 F.2d 1234, 1237 (9th Cir.1983). (2) A taxpayer cannot assert a blanket Fifth Amendment claim in order to avoid civil tax liability, *Eicher v. United States*, 774 F.2d 27, 29 (1st Cir.1985), and such unsupported claims of possible incrimination have been rejected as friv-

olous. *Id.; Wright v. Commissioner*, 752 F.2d 1059, 1062 (5th Cir.1985). (3) It has long been the law, in this circuit and elsewhere, that the Commissioner's deficiency determination is presumed correct, and, in seeking a redetermination, the taxpayer bears the burden of proof and persuasion to show otherwise. *United States v. Rexach*, 482 F.2d 10, 15–17 (1st Cir.), *cert. denied*, 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973); *see United States v. Janis*, 428 U.S. 433, 440–442, 96 S.Ct. 3021, 3025–3026, 49 L.Ed.2d 1046 (1976); Tax Court Rule 142(a). (4) The constitutionality, competency and jurisdiction of the tax system is well established, *Crain v. Commissioner*, 737 F.2d 1417, 1417–18 (5th Cir. 1984); *Sparrow v. Commissioner*, 748 F.2d 914, 915 (4th Cir.1984); *Edwards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir.1982), and contrary taxpayer assertions are frivolous. *Madison v. United States*, 758 F.2d 573, 574 (11th Cir.1985).

*EEOC,* 434 U.S. 412, 420, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), and objectively frivolous. *Coleman v. Commissioner,* 791 F.2d 68, 72 (7th Cir.1986); *cf. May v. Commissioner,* 752 F.2d 1301, 1303–04 (8th Cir. 1985). Although Lefebvre was made aware that his claims were frivolous, and was warned of possible sanctions, he made no effort to conform his petition to the requirements of Rule 34. We see no abuse of discretion on the part of the Tax Court in fixing § 6673 damages at $600. *Grimes v. Commissioner,* 806 F.2d 1451, 1454 (9th Cir.1986); *see Sauers v. Commissioner,* 771 F.2d 64, 67–68 (3d Cir.1985) (formal assessment of damages not required under § 6673), *cert. denied,* —— U.S. ——, 106 S.Ct. 2286, 90 L.Ed.2d 727 (1986); *but see, May, supra* at 1309 (Tax Court should make specific findings to support § 6673 damages).

### III.

■ The Commissioner asks for sanctions against the taxpayer for bringing a frivolous appeal. This court may impose such sanctions pursuant to Fed.R.App.P. 38, 28 U.S.C. § 1912 and 26 U.S.C. § 7482(c)(4), each of which allows the imposition of damages for delay. The advisory committee notes to Fed.R.App.P. 38 state that "damages are awarded by the court in its discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant." The notes also state that damages, attorney's fees and other expenses incurred by an appellee are properly allowed if the appeal is frivolous, without the necessity of a specific finding that it resulted in delay. In that regard, the purpose in imposing such sanctions at the appellate stage is analogous to that underlying the award of damages in the Tax Court under § 6673; it is designed primarily not as a compensatory award, but to "induce litigants to conform their behavior to the governing rules, regardless of their subjective belief." *Grimes v. Commissioner,* 806 F.2d 1451, 1454 (9th Cir.1986) (comparing Rule 38 and § 1912).

Although a pro se litigant's relationship to the court is clearly different from that of an attorney, *Stelly v. Commissioner,* 804 F.2d 868, 871 n. 1 (5th Cir.1986); *see also Schwarzer, Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181, 201 (1985), virtually every circuit has entertained sanctions, in the form of attorney's fees and costs or damages in lieu of fees and double costs, against pro se taxpayer-appellants.[4] We have imposed double costs in pro se frivolous appeals, *Sullivan v. United States,* 788 F.2d 813 (1st Cir.1986); *Eicher v. United States,* 774 F.2d 27 (1st Cir.1985).

■ There is a strong presumption against imposing sanctions for invoking the processes of law. *Talamini v. Allstate Insurance Co.,* 470 U.S. 1067, 1072, 105 S.Ct. 1824, 85 L.Ed.2d 1125 (1985) (Court refuses to impose sanctions under its Rule 49.2 which permits an award of damages for bringing a frivolous motion or petition). In *Talamini,* Justice Stevens, concurring, wrote:

> This is not, of course, to suggest that courts should tolerate gross abuses of the judicial process.... (I)f it appears that unmeritorious litigation has been prolonged merely for the purposes of delay, with no legitimate prospect of success, an award of double costs and damages occasioned by the delay is appropriate. *Id.*

---

**4.** *Connor v. Commissioner,* 770 F.2d 17 (2d Cir. 1985) (double costs and $2,000 attorney fee award); *United States v. Wissig,* 808 F.2d 836 (4th Cir.1986) (unpublished disposition) ($1,500 sanction); *Wright v. Commissioner,* 752 F.2d 1059 (5th Cir.1985) (double costs and reasonable fees); *Schoffner v. Commissioner,* 812 F.2d 292 (6th Cir.1987) (flat damage fee of $1,200); *Coleman v. Commissioner of Internal Revenue,* 791 F.2d 68 (7th Cir.1986) (double costs and $1,500 sanction); *Haywood v. United States,* 762 F.2d 706 (8th Cir.1985) (double costs and attorney fees); *Grimes v. Commissioner,* 806 F.2d 1451 (9th Cir.1986) ($1,500 in damages); *Casper v. Commissioner,* 805 F.2d 902 (10th Cir.1986) (flat $1,500 sanction rule); *Pollard v. Commissioner,* 816 F.2d 603 (11th Cir.1987) ($1,500 sanction); *Mathes v. Commissioner,* 788 F.2d 33 (D.C.Cir.) (double costs and attorney fees), *cert. denied,* —— U.S. ——, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986).

Obviously, not all unmeritorious litigation is frivolous. But groundless litigation, such as pursued here by Lefebvre, despite warnings of possible sanctions, and despite the provisions of Tax Court Rule 33(b),[5] the Tax Court counterpart of Fed.R.Civ.P. 11, will under appropriate circumstances subject the appellant to the full range of sanctions.

We award double costs to the Commissioner for this meritless appeal and warn that, in the future, a pro se appellant, whose assertions have been found totally frivolous below, runs the risk of substantially harsher appellate sanctions if the appeal is objectively frivolous, i.e., without any legal or factual basis.

The decision of the Tax Court is affirmed, with double costs.

---

**5.** In relevant part Rule 33(b) states:

(b) *Effect of Signature.* The signature of counsel *or a party* constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. (emphasis added).