[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is a motion by counsel for Griggs and Browne Company, Inc. (hereinafter "Defendant") to impose sanctions upon Irene Petrarca (hereinafter "Plaintiff") pursuant to R.C.P. 11.
This Court has had occasion to impose sanctions against the plaintiff for her repeated attempts to pursue a cause of action which had been previously decided against her. Irene Petrarca v.Kevin A. McKenna, et als, C.A. No. 91-3861, Gibney, J.. In said decision, this Court determined that plaintiff was in violation of R.C.P. 11 as well as R.I.G.L. § 9-29-21 wherein she had attempted to litigate a frivolous and otherwise meritless lawsuit. In Petrarca v. McKenna, this Court ordered plaintiff to deposit Five Hundred ($500.00) Dollars with the Registry of the Court prior to the defendants being required to respond to any further claim brought by plaintiff.
In the present action, defendant moves this Court to impose a similar sanction to deter plaintiff from initiating any further suits relative to the actions previously adjudicated by this Court. Additionally, defendant requests this Court to require plaintiff to accept the judgment of Twenty ($20.00) Dollars, plus interest and costs, which was previously awarded to plaintiff by the court as an appropriate sanction for the alleged Rule 11 violation.
ANALYSIS
Rule 11 sanctions are applicable where an attorney, or other party signing the complaint, has failed to conduct a reasonable and objective inquiry into the validity of a claim, or where said attorney or other party files frivolous or vexatious lawsuits.Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987); Fed. R. Civ. P. 11, Advisory Committee Note (1983 amendment) (hereinafter "Advisory Committee Note"). Rule 11 was substantially changed in 1983 so as to mandate courts to impose sanctions — either by motion of a party or sua sponte — where a violation has occurred. Sanctions may be imposed as either a deterrent to filing frivolous lawsuits or to compensate the opposing side who is forced to defend such a suit. See, e.g.Roadway Express, Inc. v. Piper, 447 U.S. 752, 763, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980); Anderson v. Beatrice FoodsCo., 900 F.2d 388, 394 (1st Cir. 1990); Advisory CommitteeNote.
A party appearing pro se is not immune from Rule 11 sanctions. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Advisory Committee Note. However, courts may take into consideration when imposing sanctions against a pro se litigant the fact that he or she is appearing without counsel. See, Id. Yet, as one court has noted, pro se filings do not serve as an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already over-loaded court dockets." Farguson v. MBANK Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).
Trial courts are given wide discretion in tailoring an appropriate sanction to the particular facts of a case.Anderson, 900 F.2d at 394; Muthig v. Brant Point Nantucket,Inc., 838 F.2d 600, 603 (1st Cir. 1988); Advisory CommitteeNote. Generally, a trial court should, when fashioning an appropriate sanction, determine the purpose to be achieved in imposing the sanction. See, Anderson, 900 F.2d at 395; Thomasv. Capital Sec. Services, Inc., 836 F.2d 866, 878 (5th Cir. 1988); Advisory Committee Note. So long as the court selects an appropriate sanction there is virtually no limit on judicial creativity. Anderson, 900 F.2d at 394.
The defendant at bar contends that sanctions are warranted because plaintiff, who appeared pro se, and after having been awarded damages, continually sought to relitigate what this Court has determined to be a moot issue. This Court agrees. Plaintiff, dissatisfied with the decisions of our state courts, sought to litigate an otherwise frivolous claim at the Federal District Court level. The Federal Court dismissed with prejudice the plaintiff's claim. Petrarca v. Picerne, et al., C.A. No. 88-0270T, Torres, J. The Federal Court's dismissal was subsequently upheld on appeal. Undaunted, however, plaintiff once again seeks to relitigate a cause of action dismissed by several courts. These are the very actions which Rule 11 was meant to deter. Significantly, plaintiff was admonished at the federal level that continued pursuit of her claim could result in sanctions being imposed. Sanctions are warranted where a pro se litigant has been warned by the court not to continue a claim and the warning has not been heeded. Lefebvre v. C.I.R., 830 F.2d 417
(1st Cir. 1987).
This Court finds that sanctions are here warranted. Accordingly, plaintiff is hereinafter required to deposit the sum of Five Hundred ($500.00) Dollars with the Registry of the Court should plaintiff attempt to file any petition, motion, appeal, or other claim with respect to defendant and the previously adjudicated cause of action. Furthermore, defendant is hereby excused from responding to, or otherwise defending, said claims until such time as plaintiff complies with the above directive. The Court denies defendant's request to order plaintiff to accept the judgment awarded as an appropriate sanction. Plaintiff has the right either to accept or reject the award. However, the Court would instruct plaintiff that continued pursuit of this claim could lead to the imposition of further sanctions, including, but not limited to, reasonable attorney's fees for counsel of the defendant.
For the reasons herein above set out, defendant's motion for sanctions is granted in part and denied in part.
Counsel shall prepare the appropriate judgment for entry.