**Danny TRUE, Plaintiff,**

v.

**COMMISSIONER OF the INTERNAL REVENUE SERVICE and the United States of America, Defendants.**

**No. 99–1151–CIV–ORL–22A.**

United States District Court,
M.D. Florida,
Orlando Division.

June 8, 2000.

Order Denying Reconsideration
July 11, 2000.

[redacted]

Danny True, Sanford, FL, pro se.

Carol Koehler Ide, Scott M. Grossman, U.S. Dept. of Justice, Tax Division, Washington, DC, for Commissioner of Internal Revenue Service.

Thomas W. Turner, Ralph E. Hopkins, U.S. Attorney's Office, Middle District of Florida, Orlando, FL, Carol Koehler Ide, Scott M. Grossman, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S.

## ORDER

CONWAY, District Judge.

■ This cause is before the Court for consideration of Defendants' Motion to Dismiss Or, in the Alternative, for Summary Judgment (Doc. 5), filed November 8, 1999, and Plaintiff's Motion for Summary Judgment (Doc. 16), filed May 4, 2000. Plaintiff, Danny True ("True") is proceeding *pro se* in this case.[1] The Government's summary judgment motion is due to be granted because this Court lacks subject matter jurisdiction.

## I. Background.

Plaintiff, Danny True ("True"), brings this action against Defendants, Commissioner of the Internal Revenue Service ("the Commissioner") and the United States of America ("the Government"), alleging that he has been deprived of due process of law under the Fifth Amendment. Plaintiff alleges that he received a letter dated February 3, 1999 entitled "Final Notice of Intent to Levy and Notice of Your Right to A Hearing," from the office of Ken Colt, Revenue Officer for the Internal Revenue Service ("the IRS"). [Compl. ¶ 1.] The letter states, in pertinent part:

> Your Federal tax is still not paid. We previously asked you to pay this, but we still haven't received your payment. This letter is your notice of our intent to levy under Internal Revenue Code (IRC) Section 6331 and your right to receive Appeals consideration under IRC Section 6330.

> \* \* \* \* \* \*

> If you don't pay the amount you owe, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property, or rights to property, such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income. We've enclosed Publication 594 with

---

1. Accordingly, this Court must liberally construe Plaintiff's allegations. *See Haines v.* *Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

more information, Publication 1660 explaining your right to appeal, and Form 12153 to request a Collection Due Process Hearing with Appeals.

[Doc. 5, Ex. A.] The letter then informs True that he owes $18,707.45 in taxes plus penalties and interest for the 1994 tax year and $27,329.31 for 1995. *Id.*

By letter dated February 17, 1999, True's CPA, Thomas W. Roberts, acting under power of attorney, filed IRS form 12153 requesting a Collection Due Process Hearing on behalf of True. In addition, on February 24, 1999, Roberts sent a Privacy Act request to the IRS requesting a copy of a signed and certified Form 23C assessment document. In response, the IRS informed True that no records responsive to his request existed.

True then received a notification letter from the IRS, dated August 10, 1999. The letter states:

> We have reviewed the proposed collection action for the periods shown above. This letter is your legal Notice of Determination, as required by law. A summary of our determination is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

[Doc. 5, Ex. C.]

In the attachment to the letter (Attachment–3193), the IRS further explained:

> You were previously afforded the opportunity to appeal the assessment of Income tax, plus statutory additions, for the tax years at issue here. Per IRC 6330(c)(2)(B), "In General, the person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.["] For the above reason, your request for a hearing was not granted.

*Id.*

True asserts that he was never notified of the date or place of the hearing and thus he was denied the right to appear at the hearing to present his defenses and arguments. [Compl. ¶¶ 6–7.] True complains that the IRS held an *ex parte* hearing which deprived him of due process. *Id.* ¶¶ 9–10.

## II. Analysis.

The United States moves to dismiss this action based on lack of personal and subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). In the alternative, the United States seeks summary judgment pursuant to Fed.R.Civ.P. 56(c). Since the Government's motion to dismiss as to jurisdiction relies on matters outside the pleadings, the Court will treat that part of the motion as one for summary judgment. *See* Fed. R.Civ.P. 12(c).

The Government argues that this Court has no subject matter jurisdiction because 26 U.S.C. § 6330(d)(1) requires that this appeal be brought in the United States Tax Court. The parties agree that, with respect to the February 3, 1999 Notice of Intent to Levy, True was entitled to the protections afforded by 26 U.S.C. § 6330. That section provides, *inter alia,* that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing ... before such levy is made." *Id.* § 6330(a)(1). If the person requests a hearing, "such hearing shall be held by the Internal Revenue Service Office of Appeals." *Id.* § 6330(b)(1). In general, the person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of collection actions. *Id.* § 6330(b)(2)(A). A person may also raise challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

There is no dispute that the IRS informed True of his right "to request a Collection Due Process Hearing with Appeals." [Doc. 5, Ex. A.] Similarly, the evidence shows that True timely requested Appeals consideration. Some confusion exists as to what transpired next. In a follow-up letter to True, the IRS stated that "[a] summary of our determination is stated below and the enclosed statement shows, in detail, the matters we considered *at your Appeals hearing* and our conclusions." Doc. 5, Ex. C (emphasis supplied). The attached explanation informs True that his request for a hearing was *not* granted and the IRS decided not to withdraw the Notice of Intent to Levy. From these conflicting statements, it is unclear whether a hearing was in fact held.[2]

In any event, the parties agree that the IRS did reach a determination as to True's request for consideration by deciding that 1) True was not entitled to a hearing; and 2) the IRS would not withdraw the Notice of Intent to Levy. Therefore, under Section 6330, True is entitled to judicial review as follows:

> (d)(1) **Judicial review of determination.**—The person may, within 30 days of a determination under this section, appeal such determination-
>
> (A) to the Tax Court (and the Tax Court shall have jurisdiction to hear such matter); or;
>
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

26 U.S.C. § 6330(d)(1)(A) & (B).

▮ Under this provision, the Court must determine whether jurisdiction properly lies here or in the United States Tax Court. A claimant is required to bring a § 6330 appeal in the Tax Court, so long as the Tax Court has jurisdiction of the underlying tax liability. True argues that the Tax Court does not have jurisdiction over this matter because the tax liabilities at issue are for "employment tax." The Government responds that the tax liabilities are in fact "income tax" liabilities, over which the Tax Court has jurisdiction. *See* 26 U.S.C. §§ 6211(a), 6212(a). In fact, the evidence shows that the liabilities are for income tax derived from True's self-employment. [Pl.'s Mem. in Opp., Doc. 8.] Accordingly, this Court lacks jurisdiction to hear this matter.[3] As the Government noted in its motion for summary judgment, True will not be materially prejudiced by this decision because 26 U.S.C. § 6330(d)(1) allows True to bring his claim in the appropriate court within thirty (30) days of dismissal of this action.[4]

### III. Conclusion.

Based on the foregoing, it is ORDERED as follows:

1. Defendants' Motion to Dismiss Or, in the Alternative, for Summary Judgment (Doc. 5), filed November 8, 1999, is GRANTED.

2. Plaintiff's Motion for Summary Judgment (Doc. 16), filed May 4, 2000, is DENIED.

3. This case is dismissed for lack of subject matter jurisdiction.

4. Pursuant to 26 U.S.C. § 6330, Plaintiff, Danny True, shall have 30 days from the date of this Order to file his appeal with the appropriate court.

---

2. However, the Court suspects that page one of the letter contains boilerplate language which may not have been applicable to True's situation.

3. Accordingly, the Court does not reach the Government's argument that the Commissioner of the Internal Revenue Service is not a proper party to this proceeding.

4. While the Court lacks subject matter jurisdiction to hear this case, a review of the file raises a serious question as to whether the IRS properly denied True's request for a Collection Due Process hearing. *See, e.g.,* 26 U.S.C. § 6330(b)(1). True is free to address his due process concerns in the event he decides to refile his appeal in the appropriate court.

5. The Clerk is directed to close this case.

## ORDER

█ This cause is before the Court for consideration of Plaintiff's Motion for Reconsideration, or in the Alternative, Leave to Amend Complaint (Doc. 20), filed June 27, 2000. This Court has recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *See Lamar Advertising of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D.Fla. 1999); *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla. 1994). Plaintiff, Danny True, has not demonstrated that he is entitled to relief on any ground. Accordingly, the motion is due to be denied.

Based on the foregoing, Plaintiff's Motion for Reconsideration, or in the Alternative, Leave to Amend Complaint (Doc. 20), filed June 27, 2000, is DENIED.