James Sherman BULLOCK and
Cynthia Prull Bullock, Pe-
titioners–Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 00–1770.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

James Sherman Bullock and Cynthia Prull Bullock appeal pro se a Tax Court order dismissing their petition to redetermine tax deficiencies for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App.P. 34(a).

Respondent issued a notice of deficiency to the Bullocks for the 1996 and 1997 tax years, disallowing undocumented deductions and determining deficiencies in income taxes paid of $7,037 and $5,623, respectively. The Bullocks sought redetermination of the deficiencies in the Tax

Court. They also attempted to file new returns for the tax years in question which showed no income. They then moved to withdraw their petition in the Tax Court, arguing that the new returns required a new notice of deficiency to be issued. The Bullocks were given an opportunity to amend their petition and to present argument at a hearing. The Tax Court subsequently denied the Bullocks' motion to withdraw and granted respondent's motion to dismiss.

On appeal, the Bullocks argue that the notice of deficiency was invalid because it was not signed by an authorized official, and vague because it did not specify that the amounts listed referred to dollars. Further, they argue that their amended returns, in which they denied the income they had originally reported, should have been accepted. They invite the court to declare the Internal Revenue Code void for vagueness.

■ This court reviews an order of the Tax Court dismissing a petition for failure to state a claim de novo. *Fox v. Comm'r,* 969 F.2d 951, 952 (10th Cir.1992). A deficiency determination is presumed correct, and the taxpayer has the burden of proof to demonstrate error. *Kearns v. Comm'r,* 979 F.2d 1176, 1178 (6th Cir. 1992). A petition before the Tax Court which does not contain specific facts calling into question the presumed correctness of the determination of liability is properly dismissed for failure to state a claim. *Lefebvre v. Comm'r,* 830 F.2d 417, 419–20 (1st Cir.1987).

■ In this case, de novo review of the record clearly establishes that the Bullocks failed to demonstrate any error in the notice of deficiency. In fact, they conceded at the hearing that the figures on the notice of deficiency were correct. Rather, even after being given an opportunity to amend their petition, they raised only frivolous arguments, such as claiming that their income was not "wages" or that their wages were not taxable income, which have repeatedly been rejected. *See Wilcox v. Comm'r,* 848 F.2d 1007, 1008 (9th Cir.1988); *Perkins v. Comm'r,* 746 F.2d 1187, 1188 (6th Cir.1984).

Because the Bullocks continue to raise only frivolous arguments on appeal, the Tax Court's order dismissing this petition for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.