# United States Court of Appeals

## For the First Circuit

No. 03-1835

KATHLEEN M. MARINO,

Plaintiff, Appellant,

v.

KATHLEEN E. BROWN, Appeals Team Manager,
Internal Revenue Service,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Campbell, Senior Circuit Judge,
Torruella and Selya, Circuit Judges.

Kathleen Marino on brief pro se.
Annette M. Wietecha, David I. Pincus, Attorneys, Tax Division,
Department of Justice, Eileen J. O'Connor, Assistant Attorney
General, and Michael J. Sullivan, United States Attorney, on brief
for appellee.

February 12, 2004

**Per Curiam**. Pro se appellant Kathleen Marino appeals from a district court judgment dismissing her action for lack of jurisdiction and denying her motion for reconsideration. We affirm. In addition, we grant the government's request for sanctions, albeit in a lesser amount than requested.[1]

I. Background

The Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien on Marino's property relative to her income tax liability for the 1996 tax year. On October 29, 2002, a Collection Due Process ("CDP") hearing was held, at which Marino contested her underlying income tax liability.[2] She made arguments which the IRS settlement officer informed her had been consistently rejected as groundless by the courts. For example, she asserted that she was not liable for the income tax, that she did not have to file returns, that the Internal Revenue Code was unconstitutional, and other similar "tax protester" arguments. The IRS settlement officer gave her a copy of Pierson v. Commissioner, 115 T.C. 576 (2000), which warns taxpayers about sanctions for frivolously

---

[1]Internal Revenue Service Appeals Manager Kathleen Brown is the appellee, but the government has filed a brief on her behalf, and so we refer to the government in describing the appellate contentions.

[2]She had apparently never received the Notices of Deficiency the IRS had sent her prior to the hearing. Accordingly, the pertinent statute gave her the right to challenge "the existence or amount of the underlying tax liability[.]" 26 U.S.C. § 6330(c)(2)(B).

opposing the collection of taxes.[3]

On November 27, 2002, appellee Brown issued a Notice of Determination upholding the lien. Brown instructed Marino to file any challenge to the determination in the Tax Court. Citing the Pierson case, she reminded Marino that seeking review primarily for delay and asserting frivolous or groundless positions could result in sanctions of up to $25,000. Brown also advised Marino that the IRS considered her objections to its collection efforts to be groundless.

Marino then filed the instant petition against Brown in the district court, seeking review of the IRS's determination. Although the IRS was seeking to collect on an income tax liability, she asserted that the case involved "employment taxes." The government moved to dismiss for lack of jurisdiction, without opposition by Marino. In an endorsed order, the district court granted the motion, stating: "ALLOWED, the motion appearing well founded and no opposition having been filed. See True v. Commissioner, 108 F. Supp. 2d 1361, 1364 (M.D. Fla. 2000)."[4]

---

[3]The Pierson case discusses 26 U.S.C. § 6673(a), which authorizes the United States Tax Court ("Tax Court") to impose sanctions of up to $25,000 if taxpayers have instituted proceedings in that court "primarily for delay" or have taken "frivolous or groundless" positions.

[4]In True, a pro se taxpayer filed an action in federal district court, alleging that the IRS had violated his due process rights by denying him a CDP hearing relative to a levy on his assets. Evaluating the same judicial review statute that is at issue here, 26 U.S.C. § 6330(d), the district court concluded that

Marino then asked the court to reconsider. She contended that she had not received a copy of the government's motion to dismiss and argued that the district court had jurisdiction over her petition. In an endorsed order, the district court denied her motion, stating that "no good cause [had] been shown to reconsider on the merits, even if plaintiff did not previously receive a copy of the motion to dismiss."

Marino appealed the district court's orders dismissing her petition and denying reconsideration.

II. Discussion

A. Jurisdiction

The parties essentially agree that the Tax Court has jurisdiction over cases involving an underlying income tax liability.[5] However, Marino asserts on appeal, as in the district

---

it lacked jurisdiction over the suit because the evidence showed that the underlying tax liability was for income tax based on income derived from True's self-employment. True had asserted that his tax liability was for an "employment tax," urging, therefore, that the district court rather than the Tax Court had jurisdiction over his suit. This is the very contention Marino makes, and self-employment income may be at issue in this case as well. The Notice of Federal Tax Lien describes the pertinent tax area as "Small Business/Self Employed Area # 1."

[5]See 26 U.S.C. §6330(d)(1) (allowing appeal from lien determination "to the Tax Court . . . or . . . if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States"); 26 C.F.R. § 301.6230(f)(2), A-F3 [Answer to Question F3] ("If the Tax Court would have jurisdiction over the type of tax specified in the CDP Notice (for example, income . . . taxes), then the taxpayer must seek judicial review by the Tax Court.").

court, that this case involves "employment taxes," so that the district court has jurisdiction.[6]  She makes other arguments as well.[7]  For its part, the government contends that the IRS's determination upholding its lien on Marino's property was based on an underlying income tax liability.

There is no question that the government's position is the correct one.  The documents attached to Marino's district court petition -- e.g., the Notice of Federal Tax Lien -- verify that the lien was based on her income tax liability for the 1996 tax year.  Accordingly, the Tax Court has exclusive jurisdiction, and Marino should have filed her petition for review in that court, as

---

[6]See 26 C.F.R. § 601.102(b)(2)(i) (identifying "[e]mployment taxes" as "[t]axes not within the jurisdiction of the U.S. Tax Court").  Marino does not explain the reasoning behind her contention that the case involves "employment taxes."  That term usually includes such taxes as "the taxes under the Federal Insurance Contributions Act (FICA), . . . the Federal Unemployment Tax Act (FUTA), and income tax withholding, [26 U.S.C. §§] 3401-3406."  Evans Publishing, Inc. v. Commissioner, 119 T.C. 242, 252 n.2 (2002).

[7]Marino raises the new claim that the Tax Court lacks the judicial power to resolve the issues in this case.  In particular, she asserts that the Tax Court is an administrative tribunal in the executive branch of government, that it is not a court of law, that it does not consider issues of law, and that it cannot exercise "Article III judicial power."  The government correctly asserts that her claim is meritless, as a Supreme Court case cited in Marino's own appellate brief confirms.  See Freytag v. Commissioner, 501 U.S. 868, 890-91 (1991) (holding that the Tax Court, although an Article I court, exercises judicial power much like that of the federal district courts); see also Crain v. Commissioner, 737 F.2d 1417, 1417-18 (5th Cir. 1984) (sanctioning taxpayer for "spurious" claim that the Tax Court was "unconstitutionally exercising Article III powers").

appellee Brown advised her to do. Under the circumstances, we readily affirm the district court's judgment. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) (in dismissals for lack of subject matter jurisdiction, the court of appeals reviews the district court's predicate fact-finding for clear error and uses de novo review for its "ultimate conclusion regarding the existence vel non of subject matter jurisdiction").

B. Sanctions

In a separate motion, the government asks this court to impose a $4,000 "lump sum" sanction on Marino for her frivolous appeal, citing Fed. R. App. P. 38 and 28 U.S.C. § 1912.[8] It offers evidence that this sum is less than the average expense ($4,900) it incurred in attorney salaries and other costs to defend typical frivolous tax appeals during the 1998-99 time period.[9] It also refers us to a recent frivolous tax appeal, Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000), in which the Tenth Circuit imposed a $4,000 sanction based essentially on the same evidence.

Marino opposes the request for sanctions. Among other things,

_____

[8]Rule 38 allows the imposition of "just damages" and single or double costs for a frivolous appeal, and § 1912 allows the same for an appeal which has caused "delay" for the prevailing party.

[9]The government has submitted a supporting declaration, pursuant to 28 U.S.C. § 1745, by government attorney Annette M. Wietecha. Attorney Wietecha works in the Appellate Section of the Tax Division of the Department of Justice and has had primary responsibility for defending this case.

she claims that she did not appeal in bad faith or with intent to harass, that she is pro se, that she had no notice that her arguments were frivolous, and that her actions did not cause any delay. She does not contend that she cannot pay the amount requested, and she has not questioned the government's evidence.

Marino's objections lack merit. Sanctions are appropriate whenever the appeal, objectively viewed, is completely frivolous, as it was in this instance. J. Moore, 16A Federal Practice & Procedure, § 3984.1, at 647-50 (3d ed. 2003) (stating that subjective motivation is irrelevant where an appeal is "utterly without merit"). Moreover, we have routinely sanctioned pro se taxpayers who pursue frivolous appeals. E.g., Kelly v. United States, 789 F.2d 94, 98 (1st Cir. 1986) (per curiam). While imposing double costs in past cases, we have warned that filing frivolous appeals will expose pro se taxpayers to "the full range of sanctions," including a flat damages award in lieu of attorney's fees and costs. Lefebvre v. Commissioner, 830 F.2d 417, 420, 421 (1st Cir. 1987) (per curiam). Other circuits have routinely imposed the latter-type flat sanction in frivolous taxpayer appeals, id. at 420 & n.4 (citing the cases).

IRS personnel twice warned Marino that she could be sanctioned in Tax Court proceedings for frivolously opposing the government's collection activities. Their notification satisfies any advance warning requirement that this circuit may have. See Lefebvre, 830

-7-

F.2d at 421 (imposing appellate sanction on taxpayer who had been warned by the Tax Court about the possibility of sanctions in that court). On this record, Marino appealed, obviously knowing that she had no reasonable expectation of success. She knew that the IRS's determination upholding its lien was based on her income tax liability, and she knew that she had to seek judicial review in the Tax Court. Instead, she filed her petition for review in the district court, falsely asserting that the case involved an underlying employment tax liability. The district court's rulings and the case law it cited, which she utterly ignored, put her on notice that she lacked any basis for an appeal. We can only conclude that she has pursued this appeal in order to further delay the government's collection of income tax from her.

The government's request for a lump sum sanction is reasonable. We see no point in requiring the government to submit a detailed statement of its fees and costs, which would prolong the present proceedings at further expense to the government and this court. See Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997) (per curiam) (describing the advantages of making a lump sum award under Rule 38).

The $4,000 sanction requested by the government--which may be less than its actual cost of defending this appeal--is also reasonable. However, because this is the first case involving a pro se taxpayer in which we impose a significantly higher sanction

than double costs, we set the sanction in this instance at $2,000. We warn those who may contemplate filing frivolous appeals in similar egregiously meritless cases of this type that, when warranted, we may well be expected to impose the figure of at least $4,000 in future such appeals.

Affirmed.  A sanction of $2,000 is imposed on the appellant. See Fed. R. App. P. 38; 28 U.S.C. § 1912.