# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-3125

FRANK T. VOELKER,

*Plaintiff-Appellant,*

v.

CATHERINE M. NOLEN, et al.,

*Defendants-Appellees.*

———————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:02cv1989—**David F. Hamilton**, *Judge.*

———————

SUBMITTED APRIL 5, 2004[*]—DECIDED APRIL 23, 2004

———————

Before BAUER, COFFEY, and ROVNER, *Circuit Judges.*

PER CURIAM. Tax protestor Frank Voelker filed this suit
claiming that three Internal Revenue Service agents vio-
lated his due process rights. The district court dismissed
the suit for lack of subject matter jurisdiction, determining
that the case should have been brought in the United States
Tax Court. We affirm.

———————

[*] After an examination of the briefs and the record, we have con-
cluded that oral argument is unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See* Fed. R. App. P.
34(a)(2).

In June 2000, the IRS issued Voelker a notice of deficiency for tax years 1994 through 1998. The notice informed him of his right to petition the Tax Court for a redetermination of the deficiency. Voelker did not file a petition in the Tax Court. The IRS then assessed income tax liabilities against Voelker and notified him that it planned to levy on his property as payment. Voelker requested an administrative hearing to dispute his tax liability but then failed to appear. The hearing was rescheduled, but Voelker refused to participate because the hearing officer would not let him tape record the proceedings. The IRS subsequently issued Voelker a final notice informing him of its intent to levy on his property and advising him that he could challenge the underlying tax deficiency by petitioning the Tax Court within 30 days.

Voelker did not bring a petition in the Tax Court, but instead filed this suit in the district court. He claimed that the three IRS agents involved in his case had violated his due process rights by failing to follow statutory procedures in conducting his administrative hearing. Voelker sought, among other relief, a declaration that the IRS's deficiency determination was erroneous, a suspension of collection efforts, and a new hearing. The district court concluded that because the case involved income taxes, the Tax Court had exclusive jurisdiction over Voelker's claims. The court therefore dismissed the case for lack of subject matter jurisdiction.

The Internal Revenue Code provides numerous protections for taxpayers when the IRS assesses a tax deficiency. Among other safeguards, the taxpayer has a right to an administrative due process hearing before the IRS Appeals Office. *See* 26 U.S.C. § 6330(b). If dissatisfied with the results of this hearing, the taxpayer may seek judicial review. *See id.* § 6330(d). The presumption is that review should be sought in the Tax Court, but in cases where the Tax Court lacks jurisdiction, the taxpayer may seek review

in the district court. *Id.* The Tax Court has jurisdiction over cases involving income, gift, and estate taxes. *See Downing v. Comm'r of Internal Revenue*, 118 T.C. 22, 27 (T.C. 2002); *True v. Comm'r of Internal Revenue*, 108 F.Supp.2d 1361, 1364 (M.D. Fla. 2000).

Accordingly, a case involving income taxes—like this one—must be filed in the Tax Court, and the district court lacks jurisdiction. *White v. United States*, 250 F.Supp.2d 919, 922-23 (M.D. Tenn. 2003); *Downing*, 118 T.C. at 27-28; *True*, 108 F.Supp.2d at 1364. Voelker does not challenge the district court's conclusion that a case involving income taxes must be brought in the Tax Court. Instead he suggests that the district court had jurisdiction because his case does not involve taxes *per se*, but only his right to a due process hearing. Despite Voelker's assertions to the contrary, the crux of his dispute with the IRS is obviously his income tax liability. In his complaint Voelker sought, among other relief, a declaration that his income tax liability was erroneously determined, a suspension of the IRS's collection efforts, and a redetermination of his income tax liability. Voelker cannot reasonably dispute that his suit pertains to his underlying income tax deficiency.

Voelker's remaining arguments also lack merit. Voelker suggests that he should have been allowed to pursue his claims in the district court under the Federal Tort Claims Act, but the Act does not cover "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c); *see also Clark v. United States,* 326 F.3d 911, 913-14 (7th Cir. 2003) (claim regarding tax refund check not cognizable under Federal Tort Claims Act). Voelker also continues to argue the merits of his due process claims, but this argument does not address the threshold issue of jurisdiction. At any rate, Voelker could have raised these same due process arguments had he properly filed his case in the Tax Court. *See, e.g., Polone v. Comm'r of Internal Revenue*, 86 T.C.M. (CCH) 698 (T.C. 2003) (considering due

process argument); *Boyd v. Comm'r of Internal Revenue*, 86 T.C.M. (CCH) 440 (T.C. 2003) (considering due process and equal protection arguments); *Charlotte's Office Boutique, Inc. v. Comm'r of Internal Revenue*, 121 T.C. 89 (T.C. 2003) (considering due process argument); *see also True*, 108 F.Supp.2d at 1364 n.4 (noting that taxpayer was free to raise due process arguments in the Tax Court).

The judgment of the district court is AFFIRMED.


A true Copy:

   Teste:


                         _____
                         *Clerk of the United States Court of*
                         *Appeals for the Seventh Circuit*