**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2006[*]
Decided June 2, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4594

| | |
|---|---|
| NOEL B. HINMAN,<br>    *Plaintiff-Appellant*,<br><br>    v.<br><br>MARK L. GRZESIOWSKI,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:05-CV-049 RM<br><br>Robert L. Miller, Jr.,<br>*Chief Judge*. |

## O R D E R

Noel B. Hinman filed this *pro se* lawsuit, alleging that an agent of the Internal Revenue Service violated his due process rights. The district court denied Hinman's claims on the merits, and Hinman appeals.

---

[*]After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

In September 2002 the IRS issued Hinman a notice that it planned to levy on his property as payment for unpaid income taxes for the years 1988 through 1995. Hinman requested an administrative hearing under 26 U.S.C. § 6330(b) to dispute his tax liability. After an exchange of letters the IRS denied his request, explaining that Hinman had raised only "frivolous" issues that did not warrant a face-to-face hearing. The IRS, however, scheduled a telephone conference for November 4, 2004. Hinman declined to participate. The IRS subsequently issued Hinman a final notice of determination, informing him of its intent to levy on his property and advising him that if he wanted to challenge the determination further he should petition the Tax Court within 30 days.

Instead of filing a petition with the Tax Court, Hinman filed this suit in the district court. He alleged that the IRS agent in his case violated his right to due process by denying him a face-to-face hearing. Purporting to invoke jurisdiction under 28 U.S.C. §§ 1331, 1361, and 1391, Hinman asserted that the suit did not challenge the underlying tax liability or the IRS's collection efforts. His suit sought 1) a declaration that Grzesiowski's denial of a face-to-face conference violated § 6330 and Hinman's due process rights; and 2) an injunction ordering Grzesiowski and the IRS to "provide a fair hearing . . . for all assessments, penalties and interest against Plaintiff for tax years 1988 through 1995, inclusive."

In lieu of an answer, Grzesiowski filed a motion to dismiss for lack of jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The district court denied his motion, reasoning that Hinman had pleaded facts sufficient to invoke mandamus jurisdiction under 28 U.S.C. § 1361. The district court then ordered briefing on the merits but ultimately denied the writ after determining that Hinman "could have and should have raised his due process arguments with the Tax Court."

We begin with an evaluation of federal jurisdiction. In general, the Tax Court has exclusive jurisdiction over any case involving disputed income taxes. *See* 26 U.S.C. § 6330(d); *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004); *Marino v. Brown*, 357 F.3d 143, 145 n.5 (1st Cir. 2004). Hinman argues that jurisdiction rests with the district court because his case does not involve disputed taxes *per se* but only his right to a due process hearing and, specifically, his request for an order requiring the IRS agent to "do his job." But, as he recites in his complaint, he seeks a hearing for the express purpose of challenging his underlying income tax deficiency: he wants a "fair hearing" to contest the "assessments, penalties and interest against [him] for tax years 1988 through 1995." As we have previously instructed, only the Tax Court has jurisdiction to hear a challenge to the procedures employed by the IRS Appeals Office in determining tax liability. *Voelker*, 365 F.3d at 581-82 (citing *True v. Comm'r*, 108 F. Supp. 2d 1361, 1364 (M.D. Fla. 2000)).

Thus the district court's determination that Hinman should have raised his claim in the Tax Court was correct, but the case must be resolved without reaching the merits.  Accordingly, we modify the judgment of the district court to reflect dismissal for lack of jurisdiction.

AFFIRMED as MODIFIED.