**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1793

MEREDYTH E. KILGORE,

Petitioner, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent, Appellee.

ON APPEAL FROM THE ORDER AND DECISION
OF THE UNITED STATES TAX COURT

Before

Boudin, <u>Chief Judge</u>,
Torruella, and Howard, <u>Circuit Judges</u>.

<u>Meredyth K. Kilgore</u>, pro se, on brief for petitioner, appellant.
<u>Richard Farber</u>, <u>Regina S. Moriarty</u>, Attorneys, Tax Division, Department of Justice, and <u>Eileen J. O'Connor</u>, Assistant Attorney General, on brief for respondent, appellee.

June 13, 2006

**Per Curiam**. Pro se appellant, Meredyth Kilgore, appeals from a Tax Court decision upholding an Internal Revenue Service decision to levy on her assets in order to collect on her unpaid income taxes and sanctioning her for filing a frivolous petition in that court. We affirm substantially for the reasons given in the Tax Court's memorandum opinion dated February 15, 2005, which thoroughly explained why summary judgment in the government's favor was appropriate and why Kilgore should be sanctioned.

The government has filed an unopposed motion for sanctions, alleging that this appeal was frivolous. We grant the motion, albeit in a lesser amount than was requested by the government. Kilgore advanced numerous contentions on appeal; none had any objective chance of success, and many have long been rejected by the courts as frivolous. A sanction is appropriate. See Marino v. Brown, 357 F.3d 143, 147 (1st Cir. 2004) (per curiam) (warning pro se taxpayers filing frivolous appeals that they could expect to be sanctioned by this court).

Affirmed. A sanction of $1,000 is imposed on the appellant. Fed. R. App. P. 38.