T.C. Memo. 2006-139

UNITED STATES TAX COURT

CYNTHIA P. BULLOCK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16378-04.                    Filed July 5, 2006.

Cynthia P. Bullock, pro se.

<u>Edward L. Walter</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $6,896
and additions to tax of $1,551.60, $448.24, and $230.44 under
sections 6651(a)(1) and (2) and 6654(a), respectively, in
petitioner's Federal income tax for 2002.  Respondent's
determination was based on petitioner's failure to file a Federal
income tax return reporting wages earned from Delta Air Lines,

Inc. Because this is the third case in which petitioner raised the same or similar arguments, and because she has had prior warning, the Court, on its own motion, is imposing a penalty of $7,500 under section 6673. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Florence, Kentucky, at the time that she filed her petition. In 1999, she and her spouse filed a petition in this Court, docket No. 15381-99, in which they challenged deficiencies for 1996 and 1997. Petitioner and her spouse moved to withdraw that petition and failed to amend their petition after having been given an opportunity to do so. The Court denied the motion to withdraw and granted respondent's motion to dismiss for failure to state a claim. On appeal, the Court of Appeals stated, in part:

> even after being given an opportunity to amend their petition, they raised only frivolous arguments, such as claiming that their income was not "wages" or that their wages were not taxable income, which have repeatedly been rejected. See Wilcox v. Comm'r, 848 F.2d 1007, 1008 (9th Cir. 1988); Perkins v. Comm'r, 746 F.2d 1187, 1188 (6th Cir. 1984). [Bullock v. Commissioner, 21 Fed. Appx. 272, 273 (6th Cir. 2001).]

In 2004, petitioner filed a petition, docket No. 1530-04, challenging a notice of deficiency sent to her for 2000. Respondent filed a motion to dismiss for failure to state a claim

upon which relief can be granted.  Petitioner filed an amended petition repeating frivolous arguments set forth in the petition. Respondent's motion to dismiss was granted by order entered June 29, 2004, which contained the following:

> Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. Although we will not impose a penalty upon petitioner pursuant to section 6673, we nevertheless will take this opportunity to admonish petitioner that the Court will consider imposing such a penalty should she return to the Court and advance similar arguments in the future.

The present case was filed on September 7, 2004, with respect to petitioner's liability for 2002.  Petitioner filed a frivolous petition, a frivolous motion for summary judgment, a frivolous motion to vacate the order denying the motion for summary judgment, and various other frivolous documents.  The case was set for trial in Cincinnati, Ohio, on June 12, 2006, pursuant to notice served January 9, 2006.  Petitioner failed to comply with the Court's Rules or with the standing pretrial order served with the notice of trial.  Instead, on June 1, 2006, petitioner filed a frivolous motion to dismiss, requesting withdrawal of the petition.  That motion was denied June 1, 2006.

Petitioner failed to appear for trial.  Respondent appeared and filed a pretrial memorandum and a motion for judgment by default.  Respondent's moving papers included a section 6020(b)

"Certification" that a substitute return prepared by the Internal Revenue Service satisfied the requirements of section 6651(a)(2), (3), and (g)(2).

## Discussion

Petitioner has been on notice since at least 2001 that her arguments concerning her income and her liability for income tax are frivolous. Yet she repeats her conduct, including attempts to withdraw her petition after it has been filed. Once petitioner has invoked the jurisdiction of this Court, she may not withdraw or voluntarily dismiss her petition without entry of a decision against her. See sec. 7459(d); Estate of Ming v. Commissioner, 62 T.C. 519, 524 (1974).

It is apparent that petitioner's tactics in filing petitions in this Court are primarily for delay and that she intends to pursue only frivolous arguments. Nothing in her voluminous filings suggests any justiciable dispute with respect to the income determinations in the notice of deficiency and the appropriateness of the additions to tax. Funk v. Commissioner, 123 T.C. 213 (2004). Respondent's motion for judgment by default will be granted under Rules 123 and 149. The decision will include an award of a penalty to the United States in the amount of $7,500 under section 6673.

An appropriate order and decision will be entered.