**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1057

LEE WOOFENDEN,

Petitioner, Appellant,

v.

EDWIN ARCARO, APPEALS TEAM MANAGER,
INTERNAL REVENUE SERVICE,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Lee Woofenden on brief pro se.
Deborah K. Snyder and David I. Pincus, Department of Justice,
Tax Division, Eileen J. O'Connor, Assistant Attorney General, and
Michael J. Sullivan, United States Attorney, on brief for appellee.

October 6, 2006

**Per Curiam**.  Pro se appellant Lee Woofenden appeals from a district court judgment dismissing his action for lack of jurisdiction.  We affirm and grant sanctions, albeit in a lower amount than the government seeks.[1]  See Szopa v. United States, 453 F.3d 455, 456-58 (7th Cir. 2006); Szopa v. United States, 460 F.3d 884, 886-87 (7th Cir. Aug. 21, 2006) (both explaining why a similar sanction request in that case was deemed excessive).

After receiving a notice of determination upholding certain collection activities by the Internal Revenue Service (IRS), Woofenden filed a petition for review in the district court.  At the time, he knew that the IRS was collecting his overdue income taxes and that he should file his petition in the United States Tax Court ("Tax Court"), which has jurisdiction over cases involving an underlying income tax liability.  The government moved to dismiss the petition, contending that the district court lacked subject matter jurisdiction.  At a hearing, the district court informed Woofenden that his arguments opposing dismissal were "wholly without merit," and that he should pursue his petition in the Tax Court.  The district court dismissed the petition, and Woofenden appealed.

---

[1]Although Woofenden filed his suit against an individual government employee, his suit is effectively against the United States, and Department of Justice attorneys have briefed the appeal, moving for sanctions.

On appeal, Woofenden frivolously asserts that the case involves "employment taxes" (a matter within the district court's jurisdiction), that he is not subject to income taxation, and that the Tax Court lacks the power to adjudicate this case.  We rejected the same arguments as frivolous two years ago in Marino v. Brown, 357 F.3d 143, 145-46 (1st Cir. 2004) (per curiam), imposing a sanction of $2,000.  Id. at 147.

We impose a sanction of $2,000 on appellant for his frivolous appeal.

Affirmed.  A sanction of $2,000 is imposed on the appellant.  See Fed. R. App. P. 38.